**The STATE of Ohio, Appellee,**

v.

**HUGHEY, Appellant.**

[Cite as *State v. Hughey* (1996), 115 Ohio App.3d 664.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 92–B–37.

Decided Nov. 20, 1996.

*Frank Pierce,* Belmont County Prosecuting Attorney, and *Timothy D. Oakley,* Assistant Prosecuting Attorney, for appellee.

*John P. Laczko,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a jury verdict and judgment rendered upon the verdict by the Belmont County Common Pleas Court, finding defendant-appellant, Joseph C. Hughey, guilty of robbery in violation of R.C. 2911.02(A), along with his subsequent sentencing thereon.

On February 17, 1992, appellant and a female companion first had occasion to visit the residence of the alleged victim in this case, Frank Anderle, to inquire about a 1971 Matador automobile which Anderle had for sale. On February 19, 1992, they returned to Anderle's residence around dusk, ostensibly to inquire further about the automobile. Appellant and his companion remained at the Anderle residence for approximately forty-five minutes. During that time, Anderle invited appellant into his residence, gave him two beers, gave him some groceries, since appellant indicated that he had no food at his house, and offered him a few dollars for gas, which appellant refused. Appellant and Anderle also discussed the price of the 1971 Matador automobile.

Appellant testified at trial that he simply left Anderle's residence, while Anderle maintained that appellant shoved him back into an old fireplace on the way out the door and grabbed his wallet from his robe pocket. Anderle immediately called the police after the alleged theft had taken place and appellant had left his property. Appellant was subsequently arrested on February 27, 1992.

Appellant was thereafter arraigned in the Belmont County Court, Western Division, St. Clairsville, Ohio, at which time he entered no plea and was incarcerated, as he was unable to post bond. A preliminary hearing was held on March 6, 1992, and this matter was bound over to the Belmont County Grand Jury.

On April 8, 1992, appellant was indicted by the Belmont County Grand Jury on one count of robbery in violation of R.C. 2911.02(A), as a result of the incident which occurred at the Anderle residence on February 19, 1992. Appellant entered a not guilty plea at his arraignment on April 16, 1992, and a pretrial

hearing was scheduled for April 27, 1992. A docket and journal entry filed on April 27, 1992 and signed by appellant's trial counsel stated:

"Pretrial held. Trial continued. Trial rescheduled for June 9, 1992 at 9:00 a.m. Defendant hereby waives speedy trial time for this continuance."

A second docket and journal entry, which was filed on April 29, 1992 and signed by the assistant prosecuting attorney on behalf of plaintiff-appellee, state of Ohio, provided:

"Timothy D. Oakley, Assistant Prosecuting Attorney appeared at the pre-trial conference for the State of Ohio. Defendant's attorney, J. Mark Costine, Assistant Public Defender, was present. Defendant Joseph G. Hughey was present.

"State's Discovery & Bill of Particulars completed.

"Trial Date is June 9, 1992."

This matter proceeded to jury trial on June 9, 1992, which was one hundred six days after appellant had been incarcerated in lieu of bail. Near the beginning of the trial, appellant's counsel moved the trial court to dismiss the charges against him, claiming that appellant was not brought to trial within the time prescribed by the speedy trial requirements. However, the trial court overruled the motion. Upon due deliberation by the jury, appellant was found guilty of robbery, and judgment was entered upon the verdict. Appellant was sentenced to serve an indefinite incarceration term of not less than eight years nor more than fifteen years. It is from this decision that the within appeal emanates.

On July 10, 1995, appellant's trial counsel filed an affidavit stating that the trial court requested that he sign the docket and journal entry filed April 27, 1992 to acknowledge his receipt of them, which he did. The affidavit further provided that neither appellant nor his trial counsel had waived the right to speedy trial.

Appellant sets forth two assignments of error on appeal. Appellant's first assignment of error alleges:

"The trial court erred to the prejudice of the defendant-appellant when it denied his motion to dismiss made at trail [sic] for failing to provide the defendant-appellant a speedy trial pursuant to his rights under O.R.C. 2945.71 through 2945.73, and as guaranteed by Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution."

Appellant cites R.C. 2945.71, which states as follows:

"(C) A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

" \* \* \*

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

Appellant further cites R.C. 2945.73(B), which states:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

Appellant correctly points to the applicable law with regard to dismissing charges that are not prosecuted within the time prescribed by the speedy trial requirements set forth in R.C. 2945.71 and 2945.72. However, a review of the record herein reveals that the docket and journal entry filed on April 27, 1992 contained a waiver of the speedy trial requirement in consideration of a continuance being granted by the trial court and was specifically signed by appellant's trial counsel.

Although appellant argues that his trial counsel signed the entry for the sole purpose of indicating his receipt thereof, there was no language set forth on the entry in any manner whatsoever to demonstrate that such was the case.

Appellant's first assignment of error is found to be without merit.

■ Appellant's second assignment of error alleges:

"The trial court denied appellant due process under the Fourteenth Amendment due to the fact that he was found guilty of robbery pursuant to Ohio Revised Code Section 2911.02(A)(B) when said conviction was not based upon sufficient evidence displaying appellant's guilt beyond a reasonable doubt and the jury's verdict was inconsistent with the evidence and testimony presented at trial."

■ In determining if a conviction was against the manifest weight of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

The victim in this case, Frank Anderle, identified appellant during trial, among other times, as being the individual who came to his residence, introduced himself as "John Ewing," and ultimately took his wallet, containing $395, from him on February 19, 1992. He never wavered from his identification of appellant as the perpetrator of the crime charged herein, even though appellant had shaved off his mustache, cut his hair, and generally cleaned himself up.

Appellant testified that he had simply stopped by Anderle's residence to view the 1971 Matador automobile, which was for sale, on February 17, 1992 and had returned on February 19, 1992 for the same purpose. He denied taking Anderle's wallet. Appellant also testified as to his prior criminal convictions for breaking and entering, trafficking in marijuana, and delivery of marijuana.

The jury was in the best position to determine the credibility of the witnesses and weigh the evidence presented at trial. After doing so, the jury was convinced beyond a reasonable doubt that appellant was guilty of robbing Anderle. Reasonable minds could have reached the same conclusion. There was sufficient evidence presented in this case to establish the essential elements of the crime charged beyond a reasonable doubt.

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.