OPINION
Defendant-appellant Edward Davis appeals from the decision of the Mahoning County Common Pleas Court which summarily denied his untimely petition for post-conviction relief. The issues before us concern whether appellant was unavoidably prevented from discovering certain documents, whether those documents present clear and convincing evidence that he would not have been convicted had he discovered them earlier, whether a hearing was required, and whether the court was required to issue findings of fact and conclusions of law. Specifically, appellant's argument revolves around his allegation that his speedy trial rights were violated; he contends that if the trial court had known he was incarcerated on an inactive parole holder or that he was not on a holder but had been recommitted to prison, then it would have found that the triple count provision of the speedy trial statute applied while he was in jail before trial. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
Appellant was imprisoned in 1972 for manslaughter, assault with a deadly weapon, and breaking and entering. He was paroled in November 1993 for what appears to be the fifth time. In December 1993, he shot his former girlfriend twice, once in the chest and once in the abdomen. Before he could be apprehended, he fled from the State of Ohio in violation of his parole. An arrest warrant was issued for felonious assault. A warrant was also issued for his parole violation.
In June 1996, the Federal Bureau of Investigation arrested appellant in Las Vegas, Nevada on the parole violation warrant. Appellant was transported to Lorain Correctional Institute, arriving on June 20, 1996. On July 10, 1996, appellant was picked up by Mahoning County operatives and transported to the county jail to be tried for felonious assault.
A speedy trial hearing was held on two days in April 1998 where the court's purpose was to determine whether the triple count provision applied to require appellant to be tried in ninety days, rather than two hundred seventy days, or whether the triple count provision did not apply due to a parole holder. Parole Officer O'Malley testified for the state. On April 13, 1998, the trial court found that because appellant was being held on a parole holder, the triple count provision did not apply. The court thus denied the motion to dismiss on speedy trial grounds. The case was then tried to the court. On April 28, 1998, appellant was found guilty of felonious assault with a firearm specification. He was sentenced to three years of actual incarceration plus twelve to fifteen years of imprisonment.
On direct appeal to this court, his sole assignment of error contended that the court erred in denying his motion to dismiss on speedy trial grounds. This court affirmed on multiple grounds. We upheld the trial court's decision that there existed a valid parole holder. We also noted that appellant's counsel had filed a written waiver of his speedy trial rights on November 26, 1996. Finally, we calculated continuances requested by defendant and held that appellant's speedy trial rights were not violated, with or without a parole holder. State v. Davis (June 30, 1999), Mahoning App. No. 98CA97. The Supreme Court declined discretionary review.
In the meantime, appellant filed for a writ of mandamus, which we transferred to the Tenth Appellate District who dismissed the action. Appellant also filed various actions in federal court. In so doing, he came across various documents in 1999, concerning his parole holder status. On March 19, 2001, appellant attached these documents to a petition for post-conviction relief and an amendment and supplement thereto. On August 23, 2001, the trial court summarily denied his petition. Appellant filed timely notice of appeal.
 ASSIGNMENTS OF ERROR
Appellant sets forth the following two assignments of error, which we shall address together as his brief appears to do so:
 "COURT ABUSED ITS DISCRETION, BY DISMISSING PETITIONER/APPELLANT'S MOTIONS, WITHOUT GIVING FINDINGS OF FACTS."
 "COURT ABUSED ITS DISCRETION WITHOUT GIVING PETITIONER AN EVIDENTIARY HEARING ON THE NEWLY DISCOVERED EVIDENCE."
Pursuant to R.C. 2953.21(A)(2), appellant's petition is untimely as it was filed more than one hundred eighty days after the trial transcript was filed in the direct appeal. Appellant does not dispute this but rather contends that his untimely petition may be entertained under R.C.2953.23(A). Before delving into the substance of this section, we should first point out that findings of fact and conclusions of law are not required when ruling on a petition under R.C. 2953.23(A). State v.Perdue (Dec. 12, 1999), Mahoning App. No. 98CA156. See, also, State exrel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529, 530 (holding that findings and conclusions are not required in denying successive petitions, also contained in R.C. 2953.23(A)). Hence, appellant's first assignment of error is overruled.
Returning to the substance of R.C. 2953.23(A), the court may not entertain an untimely petition unless the petitioner shows he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has created a new retroactive right. R.C. 2953.23(A)(1)(a) and (b). Even if the petitioner can show one of these two alternatives, the petitioner must still demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for constitutional error. R.C. 2953.23(A)(1)(2).
Appellant argues that he was unavoidably prevented from discovering the documents that he attached to his petition. He believes that these documents show that his parole holder was nonexistent because he had been recommitted for a parole violation. First, he points to an APA document which states that his parole holder of June 20, 1996 was inactive in February 1997, which is the date of the document. Then, he directs our attention to an APA document which implies that there never existed an active parole holder and which states that the holder was inactive on the document's date in October 1997. Finally, he focuses on a response in his habeas action where the respondent stated that the parole holder became inactive as a result of the Mahoning County proceedings. Additionally, attached to a supplement to his appellate brief is a portion of the respondent's answer in the mandamus action which states that appellant's parole was revoked in 1996 and he was recommitted to prison.
He concludes that the parole officer's testimony was untruthful at the speedy trial hearing and this prevented his attorney from determining the true nature of his holder status. Thus, he pronounces he was unavoidably prevented from discovering these documents, one of which was generated in 1999. He then states that if the trial court knew his true status at the speedy trial hearing, his case would have been dismissed for speedy trial violations.
Appellant was jailed pending his trial. His bond was set at $20,000. Under R.C. 2945.71(C)(2), an offender awaiting trial for a felony must be brought to trial within two hundred seventy days. For purposes of this time computation, "each day during which the offender is held in jail in lieu of bail on the pending charge shall be counted as three days * * *." R.C. 2945.71(E). However, this triple count provision does not apply to an offender held in jail under a parole holder. State v. Brown (1992),64 Ohio St.3d 476, 479. The triple count provision only applies to an offender held in jail "solely on the pending criminal charges." Id. See, also, State v. Cook (1992), 65 Ohio St.3d 516, 518.
The trial court found that the triple count did not apply because appellant was also in jail on a parole holder, also called a detainer. See Ohio Adm. Code 5120-12-01 (defining detainer as a request of the agency to the institution to either hold the prisoner for the agency or to notify the agency when release is imminent). See, also, Ohio Adm. Code5120:1-1-34 and 5120:1-1-34 and their former versions (describing detainers). The parole officer's testimony admitted that the parole holder became inactive. (04/01/98 Speedy Trial Hrg. Tr. 9). Hence, the documents presented by appellant in support of his post-conviction relief petition do not present new evidence as the evidence of an inactive parole holder existed during the hearing.
Moreover, there is no allegation of why he was unavoidably prevented from discovering the two documents from the APA. These existed prior to his hearing. There is no evidence or allegation of a subpoena deuces tecum or other request for documents under any release of records rules. See, e.g., Ohio Adm. Code 5120:1-1-36(A), (C) and (D)(3) and (5) (allowing the inmate's attorney to request non-public parole information such as institutional summary reports and detainers).
Regardless, appellant mistakenly equates the APA's terminology "inactive" with the words nonexistence or invalid. According to testimony before the trial court and the documents submitted by appellant in support of his petition, a parole holder existed. Whether it was active or inactive is irrelevant for purposes of the triple count provision. An active parole holder exists when it is the only item restraining the offender. When other items (such as bond on a new case, a warrant, or a hold from another jurisdiction) restrain the offender, the parole holder becomes inactive. The inactive holder still exists and activates upon the posting of bail or dismissal of charges. See State v. Harris (Feb. 10, 1997), Stark App. No. 1996CA43. See, also, 4/1/98 Speedy Trial Hearing Transcript. Accordingly, the documents presented by appellant in support of his petition do not reveal new evidence and do not demonstrate that he would not have been convicted if the court had before it these documents.
As for attachment to his supplemental brief, parties may not place evidence before this court that was not before the trial court or that is not in the record of the case. Hence, we need not address the respondent's answer to the mandamus action which states that appellant's parole was revoked in 1996 and he was recommitted. See R.C. 2967.15(C)(1), pre-July 1, 1996 (dealing with recommission of parolees who abscond from supervision). Nonetheless, we should mention that even if a valid parole holder did not exist because appellant had already been recommitted for the parole violation, the triple count provision would still be inapplicable. As aforementioned, the triple count provision is only applicable to those held in jail in lieu of bail "solely on the pending charge." Cook, 65 Ohio St.3d at 518; Brown, 64 Ohio St.3d at 479. This applies not only to those facing parole holders but also to those held on more than the just the pending charges. State v. Ladd (1978),56 Ohio St.2d 197, 201-202. Hence, where the offender would not be let free if the pending charge was dismissed due to the existence of another charge in another court or the existence of a sentence imposed on prior offenses, then the triple count provision does not apply. See State v.MacDonald (1976), 48 Ohio St.2d 66. Accordingly, this alternative argument, supported by documents presented for the first time on appeal, is nonetheless without merit.
Furthermore, this court has previously opined that appellant waived his speedy trial rights through a written waiver filed by his attorney. Statev. Davis (June 30, 1996), Mahoning App. No. 98CA97. A defendant is bound by an attorney's waiver. State v. McBreen (1978), 54 Ohio St.2d 315;State v. Hughey (1996), 115 Ohio App.3d 664, 667 (Seventh District). See, also, State v. King (1994), 70 Ohio St.3d 158, 162. Prior to this waiver, appellant filed a motion to suppress prior convictions, a request for a hearing on this motion, and two motions for continuances. Another motion for a continuance was filed in conjunction with the speedy trial rights waiver. Under R.C. 2945.72, these motions toll the speedy trial time. Even without a parole holder or a rights waiver, ninety days had not passed prior to the filing of his motion to dismiss. See Davis, Mahoning App. No. 98CA97.
Given our disposition of these arguments, the court could not entertain the petition according to R.C. 2953.23(A). Hence, the trial court was not required to hold an evidentiary hearing. See R.C. 2953.23(A) (stating, "whether a hearing is or is not held," thus implying that a hearing is a discretionary decision depending on whether it is required to make the jurisdictional determination).
For the foregoing reasons, appellant's arguments are without merit, and the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.