OPINION
{¶ 1} Phyllis J. Risner, defendant-appellant herein, appeals the April 30, 2003, judgment of the Seneca County Court of Common Pleas, in which it denied her motion to dismiss for lack of a speedy-trial.
 {¶ 2} The facts leading up to this appeal are intricate and involve multiple felony charges against appellant. The procedural history and facts pertinent to the case at bar follow.
 {¶ 3} Prior to the pendency of this action, appellant was out of jail on bond in regard to a pre-existing criminal charge in Case No. 10528. On September 10, 2002, appellant was arrested in the instant matter (Case No. 10753, now renumbered as Case No. 02-CR-0153) and charged with three counts of Trafficking in Cocaine with specification, felonies of the third and fourth degree; Corrupting Another with Drugs with specification, a felony of the first degree; and Possessing Criminal Tools, a felony of the fifth degree. From September 10, 2002 until September 23, 2002, while awaiting arraignment, appellant served time in the Seneca County Jail solely for her arrest from the charges pending in Case No. 02-CR-0153.
 {¶ 4} Following appellant's arrest for Case No. 02-CR-0153, the state of Ohio filed a motion in the trial court to reconsider the bond which had previously been granted to appellant in Case No. 10528. The court granted the state's motion on September 23, 2002, and increased appellant's bond. Appellant was unable to post the increased bond. As a result, as of September 23, 2002, appellant was concurrently being held in the Seneca County Jail for both Case No. 10528 and the charges in the instant matter in Case No. 02-CR-0153. The two cases arose from independent events and, except for prompting the increased bond, are otherwise unrelated.
 {¶ 5} The trial court then held another bond hearing for appellant's Case No. 02-CR-0153. The bond was set at $25,000.00. Appellant was again unable to post bond and was continued to be held at the Seneca County Jail for both Case No. 10528 and Case No. 02-CR-0153.
 {¶ 6} An arraignment was held on October 31, 2002, in which appellant entered pleas of not guilty to the five count indictment in Case No. 02-CR-0153, listed in detail above.
 {¶ 7} On November 19, 2002, appellant was transferred from the Seneca County Jail to a state institution for service of her sentence stemming from the charges previously pending against her in Case No. 10528. While incarcerated at the state institution for service of her sentence in Case No. 10528, appellant continued to be held for the charges filed against her in Case No. 02-CR-0153. Appellant's sentence in Case No. 10528 expired on April 18, 2003 at which point appellant was transferred back to the Seneca County Jail for Case No. 02-CR-0153. Throughout this time, appellant had not yet been tried for Case No. 02-CR-0153.
 {¶ 8} On April 15, 2003, appellant, pro se, filed a motion to dismiss the charges in Case No. 02-CR-0153 for lack of a speedy-trial. The trial court held a hearing on the matter on April 29, 2003. On April 30, 2003, the trial court denied appellant's motion.
 {¶ 9} On May 2, 2003, following the denial of appellant's motion to dismiss for lack of a speedy-trial, appellant entered no contest pleas in Case No. 02-CR-0153 to two counts of Trafficking in Cocaine with specification, in violation of R.C. 2925.03(A), (C)(4)(c), felonies of the third degree, and Trafficking in Cocaine with specification in violation of R.C. 2925.03(A), (C)(4)(b), a felony of the fourth degree. Shortly after entering her pleas of no contest, appellant was released from the Seneca County Jail on May 5, 2003 upon execution of an "own recognizance bond."
 {¶ 10} Appellant now appeals the April 30, 2003 judgment of the trial court denying her motion to dismiss for lack of a speedy-trial and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred by denying defendant-appellant's motion todismiss for lack of speedy trial.
 {¶ 11} The standard for reviewing claims of speedy-trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." State v. Humphrey, Clark App. No. 2002 CA 30, 2003-Ohio-3401, at ¶ 21; (citations omitted). "An abuse of discretion means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id.; citing Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 12} A criminal defendant's fundamental right to a speedy-trial is guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution, and by Section 10, Article I of the Ohio Constitution. State v. Mullins, 152 Ohio App.3d 83, 2003-Ohio-477, at ¶ 9; citing State v. MacDonald (1976), 48 Ohio St.2d 66, 68. This right is codified by R.C. 2945.71(C)(2) which states, in pertinent part, that a person against whom a felony charge is pending must be brought to trial within 270 days after the date of his/her arrest. If the defendant is held in jail in lieu of bail on the pending charge, each day shall be counted as three days. See R.C. 2945.71(E).
 {¶ 13} The time constraints of R.C. 2945.71, however, may be extended in certain circumstances. State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, at ¶ 14. R.C. 2945.72(E) provides that "the time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * (E) [a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Id., at ¶ 14-17.
 {¶ 14} Appellant maintains that she was held in jail for a period of 277 days prior to filing her motion to dismiss for lack of speedy-trial, seven days longer than that allowed by RC. 2945.71(C)(2). The state however, avers that, after taking into account certain tolling events, appellant had only been held in custody for a period of 225 countable days prior to the filing of her motion to dismiss for lack of a speedy-trial.
 {¶ 15} Appellant calculates the 277 day time-period as follows. Appellant first credits herself with thirty-nine (39) days for the period of time which she was held in lieu of bond on the charges stemming from Case No. 02-CR-0153. The state does not dispute that appellant was held in lieu of bond from September 10, 2002, through September 22, 2002, and is therefore credited for thirteen (13) days under the triple count provision of R.C. 2945.71(E) for a total of thirty-nine (39) days to be applied toward the speedy-trial date. Appellant next maintains that she should be credited with an additional 208 days for the period of time during which she was concurrently being held for Case No. 10528 and Case No. 02-CR-0153 from September 23, 2002, until April 18, 2003.[1]
Lastly, appellant argues that after the expiration of her sentence in Case No. 10528 on April 18, 2003, and transfer from the state institution back to the Seneca County Jail for Case No. 02-CR-0153, she was again entitled to the triple count provision of R.C. 2945.71(E) from April 19, 2003 until April 29, 2003, the date on which appellant's motion to dismiss for lack of speedy-trial in Case No. 02-CR-0153 was heard by the trial court. It is asserted by appellant that this period of time amounts to a total of thirty (30) additional days to be applied toward her speedy-trial date. Based upon the above, appellant maintains that she should have been credited with 277 days toward computation of her speedy-trial deadline, which exceeds the 270 day period as allowed by RC.2945.71(C)(2).
 {¶ 16} The state, however, asserts that the appellant has miscalculated the computation of her speedy-trial deadline and has failed to include three tolling events, totaling thirty-six (36) days, which should not be credited against the appellant's speedy-trial deadline.[2]
The state first asserts, that as a result of the appellant's filing of a demand for discovery, seventeen (17) days tolled and should not be considered toward determination of appellant's speedy-trial deadline.
 {¶ 17} In general, pursuant to R.C. 2945.72(E), any delay caused by a motion filed by an accused tolls the running of the statutory speedy-trial deadline. State v. Curtis, Marion App. No. 9-02-11, 2002-Ohio-5409, at ¶ 12. Moreover, the Supreme Court of Ohio has previously held that discovery events are tolling events pursuant to R.C.2945.72(E). In State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at ¶ 23, 24, and 26, the Court held that:
[d]iscovery requests by a defendant divert the attention of prosecutorsfrom preparing their case for trial, thus necessitating delay. If notolling is permitted, a defendant could attempt to cause a speedy-trialviolation by filing discovery requests just before trial. * * * Weconclude that allowing a defendant's discovery requests to toll therunning of the speedy-trial period is the most sensible interpretation ofR.C. 2945.72(E).
* * * [W]e conclude that a demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).
 {¶ 18} In the case sub judice, appellant made a demand for discovery on October 21, 2002. The state responded to appellant's demand sixteen (16) days later, on November 6, 2002.[3] Pursuant to R.C.2945.72(E) and State v. Brown, supra, appellant's speedy-trial date tolled during this time, thereby reducing the number of days to be counted toward her speedy-trial date by sixteen (16) days.[4]
Accordingly, even if this court accepts as true and accurate the appellant's initial calculation of 277 days of being held in custody without trial, only 261 of those days can be credited toward the speedy-trial limit, well within the 270 day limit of R.C. 2945.71(C)(2).
 {¶ 19} We find that appellant's right to a speedy-trial was tolled by at least sixteen (16) days[5] due to appellant's demand for discovery and the state's response thereto. The trial court, therefore, did not abuse its discretion by finding that appellant's right to a speedy-trial had not been violated.
 {¶ 20} Accordingly, appellant's assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Walters, J., concurs.
Shaw, J., concurs in judgment only.
[1] Appellant concedes that the triple-count provision of R.C. 2945.71(E) applies only to defendants held in jail in lieu of bail solely on the pending charge. State v. Garrett (July 10, 1996), Hamilton App. No. C-950675; citing State v. Brown (1992), 64 Ohio St.3d 476, 479; State v.MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus. Because appellant was concurrently being held in incarceration for an unrelated offense in Case No. 10528 from September 23, 2002 until April 18 2003, while being held for the charges pending in Case No. 02-CR-0153, she is not entitled to the triple-count provision of R.C.2945.71(E).
[2] The state asserts that appellant had only been held in custody for a period of 225 days prior to the filing of her motion to dismiss for lack of a speedy-trial. Despite the large discrepancy between the state's and the appellant's calculation of countable days, it is not necessary for resolution of this appeal for us to determine the exact number of days appellant was held in custody prior to filing her motion to dismiss for lack of a speedy-trial.
[3] We further note that the state's response to appellant's demand for discovery was made within a reasonable time. "The time in which a defendant must receive a speedy-trial pursuant to R.C. 2945.71(C) is tolled under R.C. 2945.72(E) until the state responds in a reasonably timely fashion." State v. Humphrey, Clark App. No. 2002 CA 30, 2003-Ohio-3401, at ¶ 22; citing State v. Benge (Apr. 24, 2000), Butler App. No. CA99-05-095.
[4] Although the state asserts the number of days elapsed was seventeen (17), the first day from which the time period begins to run is not included. See Crim.R. 45(A).
[5] It is unnecessary to further analyze the remaining tolling events which may have occurred in the case sub judice, as alleged by the state, prior to the appellant filing her motion to dismiss for lack of a speedy-trial. For example, the state maintains that, in accordance with R.C. 2945.72(E), four (4) days tolled when appellant's counsel filed a motion to continue the trial on March 7, 2003, which was granted by the trial court on March 11, 2003, and that fifteen (15) days tolled when the appellant filed her pro se motion to dismiss for lack of speedy-trial on April 15, 2003, which was denied by the trial court on April 30, 2003.