OPINION
{¶ 1} Appellant, Gregory Benman ("appellant"), contends the trial court abused its discretion by not indicating in its judgment entry that appellant's guilty plea was an Alford plea and in denying appellant's motion to dismiss the charges for violating his right to a speedy trial. For the following reasons, we affirm.
 {¶ 2} On Saturday, October 26, 2002, 11-year-old Jareen Austin told his mother that his stepfather, appellant, had been sexually abusing him and his 10-year-old sister, Talor, for approximately ten months. The latest offense occurred one week prior to Jareen's disclosure. Jareen was home from school to attend a dental appointment and Talor missed the school bus. Therefore, both children were at home with appellant while their mother was at work. Appellant was watching a movie and told Talor to quote "suck his dick." (Tr. at 6.) Talor complied with appellant's request until appellant ejaculated. Thereafter, appellant told Talor to get on top of her brother Jareen and move around. Appellant ordered the children to "suck dick and eat pussy." (Id. at 6.) The children then performed oral sex on each other. Afterward, appellant told Talor to kiss him (appellant) and sit on his lap. Appellant used Vaseline and attempted to engage in intercourse with Talor. Talor reported, "I think it went in, but it hurt so I told him to stop." (Id. at 7.) Appellant told the children not to tell anyone because they would all get kicked out. Talor reported appellant sexually abused her on five or six occasions and has shown her adult pornography.[1]
 {¶ 3} Appellant was arrested on October 26, 2002. His first trial date was set for December 31, 2002. Defense counsel filed a motion for discovery on November 18, 2002, to which the state complied on December 5, 2002. On December 9, 2002, defense counsel filed a motion for a bill of particulars and the state complied on December 27, 2002. On December 31, 2002, the trial was continued to March 10, 2003. Thereafter, it was continued several times until July 30, 2003. The trial was again continued from July 30, 2003 to September 8, 2003, on the state's motion due to unavailability of witnesses. The only entry indicating appellant did not waive time was the time between July 30, 2003 and September 8, 2003. On September 8, 2003, appellant filed a motion to dismiss based on a speedy trial violation. The trial court denied the motion. Subsequently, the trial judge advised appellant that if he entered an Alford plea he could preserve his right to appeal the denial of his motion to dismiss. Thereafter, appellant entered an Alford plea. Appellant was sentenced to five years on the rape charge and three years on the gross sexual imposition charge, to be served consecutively for a total of eight years. Defendant ("appellant") filed the instant appeal.
 {¶ 4} Appellant asserts the following assignments of error:
[I.] The trial court committed an abuse of discretion and error in its judgment entry by not indicating appellant's plea was an `alford plea', which afforded defendant a right to raise on appeal denial of his constitutional and statutory rights to a speedy trial. Plea of appellant therefore was not made knowingly, intelligently, and voluntarily.
[2.] The trial court committed an abuse of discretion and error in denying appellant's motion to dismiss for violation of his constitutional and statutory speedy trial right.
 {¶ 5} In the second assignment of error, appellant contends the trial court erred in denying his motion to dismiss based on a violation of his speedy trial rights. We disagree. The Sixth and Fourteenth Amendments guarantee a criminal defendant the right to a speedy trial by the state. Article I of the Ohio Constitution independently guarantees this right. State v. Bayless, Franklin App. No. 02AP-215, 2002-Ohio-5791. Under R.C. 2945.71(C)(2), a person against whom a felony charge is pending shall be brought to trial within 270 days of his arrest. For purposes of computing time, each day a defendant is held in jail in lieu of bond counts as three days for speedy trial purposes, or 90 days. The day of arrest is not included when computing time within which defendant must be brought to trial under the statute. State v. Jones
(1997), 119 Ohio App.3d 59.
 {¶ 6} Upon demonstrating that more than 270 days elapsed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation. Bayless, supra. The state bears the burden to prove that time was sufficiently tolled, thereby extending the speedy trial period. Id. "Hence, the proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72." (Emphasis omitted.) Id., citing State v. DePue (1994),96 Ohio App.3d 513, 516.
 {¶ 7} Here, appellant was held in jail in lieu of bond from the date of arrest on October 26, 2002. Time began to run on October 27, 2002, and continued through the day he entered an Alford plea on September 8, 2003, for a total of 317 days. However, the case was continued by joint request of the parties from December 31, 2002 to March 10, 2003, from March 10, 2003 to April 16, 2003, from April 16, 2003 to May 22, 2003, from May 22, 2003 to May 28, 2003, and from May 28, 2003 to July 30, 2003. Appellant signed each of the continuances waiving speedy trial time, except one that only the state and appellant's counsel signed.[2] Based on each journal entry, appellant waived 211 days. Therefore, appellant was held unlawfully for 16 days (317 — 211 = 106 — 90 = 16) unless additional time was tolled. We find time was additionally tolled for at least 24 days due to appellant's requests for discovery.
 {¶ 8} Speedy trial time is tolled by "any period of delay necessitated by reason of a plea in bar or abatement, motion, * * * or action made or instituted by the accused." R.C.2945.72(E). Specifically, the Supreme Court of Ohio held that a demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040. The Court stated:
Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions, but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy-trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy-trial period is the most sensible interpretation of R.C. 2945.72(E).
Id. at syllabus.
 {¶ 9} The state's response time must be reasonable under the circumstances. State v. Risner, Seneca App. No. 13-03-40, 2004-Ohio-186 (appellant's right to a speedy trial was tolled by 16 days due to appellant's discovery request; state's response time was reasonable).
 {¶ 10} Here, appellant's counsel filed a motion for discovery on November 18, 2003. The state provided its response on December 5, 2003, a total of 17 days.[3] On May 28, 2003, defense counsel withdrew and the court appointed Mr. Parks to represent appellant. Mr. Parks entered his appearance on June 9, 2003 and filed a motion for discovery on that same date. The state provided discovery on June 16, 2003. Based on new counsel's discovery request, time was tolled for 7 additional days. Therefore, a total of 24 days was tolled based solely on defense counsel's requests for discovery, not considering the motion for a bill of particulars, the state's request for a continuance from July 30, 2003 to September 8, 2003, and appellant's lack of counsel for 12 days.
 {¶ 11} Based on the above calculations, appellant waived 211 days, and time was tolled for at least 24 days. (211 days + 24 days = 235 days; 317 days — 235 days = 82 days.) Therefore, the state technically had eight days from September 8, 2003, before a speedy trial violation would have occurred. Accordingly, appellant's second assignment of error is overruled.
 {¶ 12} In the first assignment of error, appellant claims that his Alford plea was not made knowingly and intelligently because the trial court misinformed him of his right to appeal a potential speedy trial violation. Generally, if a defendant enters a guilty plea, such plea acts as a waiver of an individual's right to raise most issues on appeal. State v.Kelley (1991), 57 Ohio St.3d 127. An Alford plea is a plea of guilty even though defendant maintains his or her innocence.State v. Carter (1997), 124 Ohio App.3d 423, 429, citing NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160. An Alford plea is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial. Statev. Piacella (1971), 27 Ohio St.2d 92. However, an Alford plea is "merely a species of a guilty plea, having the effect of waiving [a defendant's] right to appeal from the denial of [a] speedy trial motion." Carter, supra, at 429.
 {¶ 13} For example, in State v. Lewis (July 30, 1999), Mahoning App. No. 97 CA 161, appellant asserted as error on appeal the trial court's denial of his motion to dismiss based on a speedy trial violation. The state argued appellant waived his right to appeal based on his entering an Alford plea. The appellant believed that because his guilty plea was made under the reservation of his proclaimed innocence, the plea should operate as a no-contest plea thereby permitting an appeal on the speedy trial issue. The court rejected appellant's argument. Id.
 {¶ 14} The court followed Carter, supra, and found the plea acted as a guilty plea. Lewis, supra. "After all, as the United States Supreme Court described in Alford, * * *, the plea is nothing more than a guilty plea accompanied by protestations of innocence." (Emphasis in original.) Id. Accordingly, had appellant wanted to preserve his appeal of the speedy trial issue, a plea of no contest would have been the proper course of action. Id.
 {¶ 15} Here, appellant argues that because the trial court misinformed him of his right to appeal the speedy trial issue, his Alford plea was not made knowingly and intelligently pursuant to Crim.R. 11(C). We find that although the trial court did in fact misinform appellant of his right to appeal, appellant suffered no prejudice from that error as no speedy trial violation occurred. Under Crim.R. 52(A), harmless error is any error, defect, irregularity, or variance that does not affect substantial rights. Harmless errors shall be disregarded. Id.;City of Columbus v. Mullins, Franklin App. No. 03AP-623, 2004-Ohio-1059. Under a Crim.R. 52(A) analysis, a conviction will be reversed unless the state demonstrates defendant suffered no prejudice as a result of the error. Id. Simply stated, the trial court's error was harmless. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} Based on the above, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Klatt, JJ., concur.
[1] Other incidents are contained in the record and will not be repeated in this opinion.
[2] Defense counsel's signing of the entry which contained a waiver of speedy trial rights in consideration of the continuance waived defendant's speedy trial rights. State v. Hughey (1996),115 Ohio App.3d 664; State v. McRae (1978), 55 Ohio St.2d 149
(an accused's right to a speedy trial may be waived by the accused's counsel even if the accused is not informed of the waiver).
[3] In his brief, appellant states the state provided discovery 14 days later. Whether it was 14 days or 17 days is of no consequence based on appellant's new counsel's filing a motion for discovery.