OPINION
{¶ 1} This is an appeal from the trial court's denial of Appellant's Motion to Dismiss based on speedy trial grounds.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 6, 2004, the Fairfield County Grand Jury indicted appellant, Brian K. O'Keefe, on two counts of Non-Support of a Dependent in violation of R.C. § 2919.21(A)(2). A felony warrant was issued for Appellant's arrest.
 {¶ 4} At that time Appellant was being held on several charges in Las Vegas, Clark County, Nevada, including rape and burglary. Las Vegas law enforcement was made aware of the Ohio warrant when it was issued.
 {¶ 5} On or about October 28, 2004, Appellant was tried in Las Vegas on his pending charges and was found guilty of felony burglary and misdemeanor battery and was found not guilty of the more serious charges. Appellant's sentencing was scheduled for December 27, 2004. Appellant was awarded an "own recognizance" bond and was ordered to report to probation on November 1, 2004. According to Appellant, he continued to be held in jail after October 28, 2004, on the Ohio warrant.
 {¶ 6} During a telephone conference with Las Vegas law enforcement on November 17, 2004, Detective Paul Roberts was advised that Appellant would be released for transport on November 24, 2004. Det. Roberts and the Fairfield County Sheriff's Officer were not advised of the Appellant's readiness for extradition until January 5, 2005. Appellant arrived in Fairfield County, Ohio, on January 15, 2005.
 {¶ 7} On January 20, 2005, Appellant was arraigned on the charges and entered a plea of not guilty to the charges of non-support.
 {¶ 8} On January 21, 2005, Appellant posted bond.
 {¶ 9} On January 21, 2005, Appellant's counsel filed a Crim.R. 16 discovery request.
 {¶ 10} On January 27, 2005, the Appellant's new trial counsel filed a discovery request. A response was filed on February 14, 2005.
 {¶ 11} On February 25, 2005, a pretrial was held, wherein Appellant's counsel indicated that he would be filing a motion to dismiss based on a violation of Appellant's speedy trial rights.
 {¶ 12} On March 2, 2005, Appellant filed his motion to dismiss alleging that he was held exclusively on the Fairfield County warrant after October 29, 2005.
 {¶ 13} By Judgment Entry filed March 30, 2005, the trial court denied said motion to dismiss.
 {¶ 14} On April 29, 2005, Appellant entered a plea of no contest to the charges.
 {¶ 15} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER OHIO REVISED CODE SECTION 2945.73 FOR THE FAILURE OF THE STATE TO BRING THE APPELLANT TO TRIAL WITHIN THE TIME REQUIRED BY OHIO REVISED CODE SECTION § 2945.71."
 I. {¶ 17} In his sole assignment of error, Appellant argues that the trial court erred in not granting his motion to dismiss on speedy trial grounds. We disagree.
 {¶ 18} A defendant's right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, and is made obligatory on the States by theFourteenth Amendment. Klopfer v. North Carolina (1967),386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. Article I, Section 10 of the Ohio Constitution, also affords an accused the same guarantees as the Sixth and Fourteenth Amendments. See State v.Butler (1969), 19 Ohio St.2d 55, 249 N.E.2d 818.
 {¶ 19} The statutory provisions guaranteeing an accused's right to be tried without inordinate delay is found in R.C.2945.71 to 2945.73. R.C. 2945.71 states in part:
 {¶ 20} "(C) A person against whom a charge of felony is pending:
 {¶ 21} "* * *
 {¶ 22} "(2) Shall be brought to trial within two hundred seventy days after his arrest." * * *
 {¶ 23} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
 {¶ 24} R.C. § 2945.71(C) is subject, however, to the tolling provisions of R.C. § 2945.72, which provides:
 {¶ 25} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 26} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 {¶ 27} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 {¶ 28} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 29} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 30} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 31} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 {¶ 32} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 {¶ 33} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 {¶ 34} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."
 {¶ 35} As stated above, R.C. § 2945.71 requires that appellant be brought to trial within 270 days of his arrest. As noted above, Appellant argues that the time he has held in jail after October 28, 2004, is chargeable to the State of Ohio. His change of pleas occurred on April 29, 2005. Appellant argues that more than 270 days elapsed between the time he began to be held exclusively on the Fairfield County warrant and his change of plea.
 {¶ 36} The trial court found that, according to the Clark County internet docket, the State of Nevada requested a "Remand to Custody for Sentencing" on November 24, 2004, and that such was "performed" on December 1, 2004. Additionally, another case (05-C-207835-C) appears on the internet site which reflects that a "bindover" occurred on Appellant on January 7, 2005. Based on the foregoing, the trial court found that intervening orders existed for which Appellant was being held by the State of Nevada.
 {¶ 37} Furthermore, R.C. § 2945.72 extends the time within which the accused must be brought to trial for various reasons, including any period of delay necessitated by motion, proceedings, or actions instituted by the accused. Appellant's computation of the time chargeable to the State does not take into account his requests for discovery, which were filed on January 21, 2005, and January 27, 2005. In State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, the Ohio Supreme Court found that the time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock.
 {¶ 38} In the case sub judice, Appellant was released by the State of Nevada on his own recognizance from October 27, 2004, until December 1, 2004, when he was remanded into custody by the State of Nevada. Thirty-four (34) days elapsed during this time when Appellant was held solely on the Ohio warrant, which is attributable solely to the State of Ohio.
 {¶ 39} The time from December 1, 2004, to January 3, 2005, when his judgment entry of conviction on the Nevada case was filed does not count against the State of Ohio.
 {¶ 40} Appellant was held solely on the Ohio warrant from January 3, 2005, to January 21, 2005, when Appellant posted bond, resulting in nineteen (19) more days counting against the State of Ohio.
 {¶ 41} On January 21, 2005, counsel for Appellant filed a Crim.R. 16 Motion for Discovery which tolled the time until the State of Ohio responded to the demand for discovery on February 14, 2005.
 {¶ 42} The time started running again upon the filing of such response to discovery until March 2, 2005, when Appellant filed a Motion to dismiss. Seventeen (17) days elapsed between February 14, 2005, and March 2, 2005.
 {¶ 43} Appellant's filing of the Motion to Dismiss again tolled the time until the Court's ruling on same which was filed on March 30, 2005.
 {¶ 44} The time again ran until April 22, 2005, when Appellant entered his pleas of no contest to the charges, resulting in twenty-four (24) days chargeable against the State.
 {¶ 45} Appellant was therefore held for a total of seventy-seven days (34+19+24), which when multiplied by three (3) equals 231 days, well short of the 270 day limit.
 {¶ 46} Based on the foregoing, we conclude the State brought appellant to trial within the statutory time.
 {¶ 47} Appellant's sole assignment of error is overruled.
 {¶ 48} The decision of the Fairfield County Court of Common Pleas is affirmed.
By: Boggins, PJ. Gwin, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.