OPINION
{¶ 1} Defendant-appellant, Carl D. Lair, appeals from judgments of the Franklin County Court of Common Pleas finding him guilty and sentencing him pursuant to his (1) guilty plea to theft, a fifth degree felony, (2) guilty plea to receiving stolen property, a felony of the fifth degree, and (3) no contest plea to receiving stolen property, a fourth degree felony, and two counts of failure to comply with an order or signal of a police officer, felonies of the third and fourth degrees, respectively. Because the trial court did not violate defendant's speedy trial rights under R.C. 2945.71 et seq., and because defendant cannot demonstrate plain error in the trial court's sentence, we affirm.
A. Case No. 05AP-1083 (05CR-03-1991).
 {¶ 2} By indictment filed on March 21, 2005, defendant was charged with one count of theft in violation of R.C. 2913.02
arising out of his allegedly taking merchandise from a Kroger store on January 21, 2005. In addition, he was charged with one count of receiving stolen property in violation of R.C. 2913.51
for having received, retained, or disposed of a motor vehicle, the property of Damon Stinger, knowing or having reasonable cause to believe the motor vehicle had been obtained through commission of a theft.
 {¶ 3} On May 3, 2005, defendant changed his not guilty plea to guilty on the theft charge, and the state entered a nolle prosequi on the charge of receiving stolen property. The state and defendant agreed that defendant be released pending a pre-sentence investigation; sentencing was set for June 21, 2005.
 {¶ 4} On June 21, 2005, sentencing was continued to August 30, 2005, and continued again to September 15, 2005, when the trial court imposed a 12-month sentence to be served consecutively to the sentences imposed in Nos. 05CR-03-1946 and 05CR-06-4119.
B. Case No. 05AP-1084 (05CR-03-1946).
 {¶ 5} By indictment filed March 18, 2005, defendant was charged with one count of receiving stolen property in violation of R.C. 2913.51. According to the indictment, on March 11, 2005, defendant received a motor vehicle, property of Pamela McLaughlin, knowing or having reason to believe it was obtained through a commission of a theft offense.
 {¶ 6} On May 3, 2005, defendant changed his not guilty plea to guilty to a charge of fifth degree felony receiving stolen property. The trial court set sentencing for June 21, 2005, and the parties jointly recommended that defendant be released pending completion of a pre-sentence investigation.
 {¶ 7} On June 21, 2005, sentencing was continued to August 30, 2005. Sentencing again was continued to September 15, 2005, when the trial court imposed a sentence of 12 months, to be served consecutively to the sentences imposed in Nos. 05CR-03-1991 and 05CR-06-4119.
C. Case No. 05AP-1085 (05CR-06-4119).
 {¶ 8} By indictment filed June 16, 2005, defendant was charged with a fourth degree felony count of receiving stolen property, in violation of R.C. 2913.51, arising out of his June 6, 2005 use of a motor vehicle belonging to Midwest Car Corporation. In addition, defendant was charged with two counts of failure to comply with an order or signal of a police officer, both in violation of R.C. 2921.331.
 {¶ 9} Defendant entered a not guilty plea, and on June 30, 2005, defendant filed a demand for discovery from the state. Twenty days later, the state responded and filed its own request for discovery.
 {¶ 10} On August 30, 2005, a pretrial was held, and the matter was continued for trial to September 15, 2005. On September 8, 2005, defendant, though represented by counsel, filed a pro se motion to dismiss for failure to comply with the requirements of R.C. 2945.71(E).
 {¶ 11} On September 15, 2005, the trial court denied defendant's motion and accepted defendant's no contest plea to the offenses charged in the indictment. The trial court merged the two counts arising from the failure to obey a police officer's signal; it sentenced defendant to 12 months on the charge of receiving stolen property and one year on the merged offenses, to be served consecutively to each other and to the sentences imposed in case Nos. 05CR-03-1991 and 05CR-03-1946.
 {¶ 12} Defendant appeals, assigning the following errors:
Assignment of Error Number 1:
The trial court committed reversible error when it deprived Defendant-Appellant of his right to a speedy trial under R.C.2945.71, U.S. Const. amend. VI and XIV, and Ohio Const. art. 1, §10 when it denied his pretrial motion for dismissal for the state's failure to bring him to trial within the period provided by law.
Assignment of Error Number 2:
The trial court abused its discretion by imposing a maximum sentence on appellant, as such a sentence is against the manifest weight of the evidence and contrary to law.
Assignment of Error Number 3:
The trial court's imposition of consecutive sentences was not supported by substantial evidence in the record as required under R.C. 2929.19.
1. First Assignment of Error.
 {¶ 13} Defendant's first assignment of error asserts the trial court erred in failing to conclude the state violated defendant's speedy trial rights as provided in R.C. 2945.71.
 {¶ 14} During the sentencing hearing on September 15, 2005, the parties placed on the record the facts underlying the trial court's decision to deny defendant's motion to dismiss. Defendant was arrested in case No. 05CR-06-4119 on June 6, 2005 and, despite a bond set at his arraignment, defendant remained in jail until September 15, 2005. On June 30, defendant filed a request for discovery from the state, and the state responded on July 20. Pursuant to the request of defense counsel, the pretrial in case No. 05CR-06-4119 was scheduled for August 30, 2005; trial was set, as is customary in that courtroom, for two weeks later. The parties agree defendant's case should have been scheduled for trial, at the latest, on September 6, 2005, and thus agree the September 15 trial date is outside the 90 days prescribed in R.C.2945.71(C)(2) and (E).
 {¶ 15} Defense counsel further clarified why defendant filed the motion to dismiss pro se. Defense counsel told the court that when defendant indicated to counsel that trial was scheduled outside the speedy trial parameters under R.C. 2945.71, counsel responded that he was "not going to perpetrate a fraud on the Court." (Tr. 24.) Counsel explained that he asked the bailiff "to continue the case out" because counsel was taking an annual vacation and his son was involved in a significant swim meet. Id. Counsel "told Carl that that was the reason it was over the 90 days, because of, basically, the kindness of your bailiff, and I told him that tolls the speedy trial, and I was the one who asked for it, and I'm not going to come in here and argue 90-day because that's not in good faith." (Tr. 25.)
 {¶ 16} Based on the information presented, the trial court denied defendant's motion to dismiss because defendant's motion for discovery tolled the speedy trial time for 20 days, rendering the September 15, 2005 trial date within the time frame set forth in R.C. 2945.71. The court noted it did not have to reach the issue regarding defense counsel's scheduling request.
 {¶ 17} Pursuant to R.C. 2945.71(C)(2) "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) states that "[f]or purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.72(E), however, provides that the time for bringing a defendant to trial is tolled by "any period of delay necessitated by reason of plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."
 {¶ 18} Because the defendant's trial was scheduled outside the 90-day window of R.C. 2945.71, defendant presented a prima facie case that his speedy trial rights were violated. State v.Bayless, Franklin App. No. 02AP-215, 2002-Ohio-5791, at ¶ 16. The state then bore the burden of proving that the time was tolled and the speedy trial period extended. Id. The state points to defendant's motion for discovery and, relying on State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, contends it responded to defendant's motion within a reasonable period of time, thus tolling under R.C. 2945.72(E) the time to bring defendant to trial.
 {¶ 19} Defendant's demand for discovery is a tolling event under R.C. 2945.72(E), Brown, supra, at syllabus, but the state's response time must be reasonable under the circumstances.State v. Risner, Seneca App. No. 13-03-40, 2004-Ohio-186
(noting that appellant's right to a speedy trial was tolled by 16 days due to appellant's discovery request, as the state's response time of 16 days was reasonable); c.f., State v.McDonald, 153 Ohio App.3d 679, 2003-Ohio-4342 (observing that the state's response to defendant's discovery after 11 months was unreasonable and did not toll speedy trial time requirements).
 {¶ 20} Loc.R. 75.03 of the Franklin County Court of Common Pleas provides that "[u]pon demand for discovery, it shall be the duty of a party to promptly respond to the request. In any event, discovery should be provided in 21 days from the date of receipt of the demand, except in capital cases." In this case, the state provided discovery 20 days after defendant filed the request for discovery.
 {¶ 21} While the local rule cannot subvert the purpose of the speedy trial statutes, the local rule, applied to the facts of this case, sets a reasonable time period; nothing in the record demonstrates other circumstances that would require adjusting the time period set forth in the rule to achieve reasonableness. SeeRisner, supra; City of Cleveland v. Sheldon, Cuyahoga App. No. 82319, 2003-Ohio-6331 (concluding 22 days were properly tolled as a result of the accused's motion requesting discovery and bill of particulars); State v. Gibson, Trumbull App. No. 2002-T-0055, 2003-Ohio-5695 (concluding 43 days to respond to defendant's request for a bill of particulars was not unreasonable, given the nature of the criminal conduct and the length of time between the first instance and defendant's indictment); State v. O'Keefe, Fairfield App. No. 05-CA-53,2006-Ohio-435 (concluding defendant's Crim.R. 16 motion for discovery filed on January 21, 2005 tolled the time for speedy trial until the state's response on February 14, 2005).
 {¶ 22} Because the state's response time was reasonable in the circumstances of this case, the speedy trial time requirements were tolled for the 20 days in which the state responded to defendant's request for discovery. As a result, defendant's trial, set for at most 11 days beyond the time limits of R.C. 2945.71, was brought within the 90-day time period prescribed in the statute. The trial court properly overruled defendant's motion to dismiss for violation of his speedy trial rights. Defendant's first assignment of error is overruled.
2. Second and Third Assignments of Error.
 {¶ 23} Defendant's second and third assignments of error challenge the trial court's failure to make the required findings regarding the imposition of a maximum prison term under R.C.2929.14(C) and the imposition of consecutive sentences under R.C.2929.14(E)(4). After the parties filed their appellate briefs in this matter, the Supreme Court decided State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 24} "In Foster, the Supreme Court of Ohio determined that portions of this state's sentencing statutes violate theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348 and Blakely [v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531]." State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 5. As a result of Foster, the offending provisions of Ohio's sentencing statutes were severed with the result that trial courts now "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at paragraph seven of the syllabus.
 {¶ 25} While the state suggested in Foster that the constitutional argument was waived when defendant did not assert it in the trial court, the Supreme Court rejected that contention, noting that the defendant could not have waived the objection "when no one could have predicted that Blakely would extend the Apprendi doctrine to redefine `statutory maximum.'"Draughon, at ¶ 5, citing Foster, at ¶ 31. Here, however, defendant was sentenced after Blakely was decided, and defendant did not object in the trial court to the sentence the court imposed. In Draughon, this court held "that a Blakely
challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." Draughon, at ¶ 8. Thus, to the extent defendant's second and third assignments of error intend to raise a Blakely challenge to the trial court's ruling, defendant waived it by failing to object in the trial court. Draughon, supra.
 {¶ 26} Moreover, to the extent defendant contends the trial court failed to comply with the statutory requirements that mandate findings and reasons to support maximum and consecutive sentences, those provisions were severed pursuant to the Supreme Court's determination in Foster, and the trial court thus did not have to comply with those provisions. Draughon, at ¶ 9. Accordingly, defendant cannot demonstrate plain error. Defendant's second and third assignments of error are overruled.
 {¶ 27} Having overruled all three of defendant's assignments of error, we affirm the judgments of the trial court.
Judgments affirmed.
French and Travis, JJ., concur.