DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The jury found William J. Taylor, the defendant below and appellant herein, guilty of receiving stolen property in violation of R.C. 2913.51, a fourth degree felony.
 {¶ 2} Appellant assigns the following error for review:
"The trial court committed reversible error when it sentenced MR. Taylor to a greater than minimum prison sentence without making the necessary findings of facts, in violation of the sixth amendment to the united states constitution."
 {¶ 3} The Athens County Grand Jury returned indictments charging the appellant with one count of burglary, a third degree felony, and one count of receiving stolen property, a fourth degree felony. At the conclusion of the appellant's trial, the jury found him not guilty of the burglary offense, but guilty of the receiving stolen property offense.
 {¶ 4} Appellant notes that the trial court's Judgment Entry provides in pertinent part:
"The Court has considered the record, oral statements, any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12. The Court considered the factors under R.C.2929.13.
The Court finds that the recidivism factors outweigh the non-recidivism factors and that the less seriousness factors outweigh the more serious factors.
The Court also finds that to give the minimum sentence would demean the seriousness of the offense and would not adequately protect the public."
 {¶ 5} The trial court then sentenced the appellant to serve a seventeen month prison sentence. This appeal followed.
 {¶ 6} The appellant contends, in his sole assignment of error, that the trial court's sentencing determination relied on factual findings that neither a jury had determined nor had the appellant admitted. See R.C. 2929.13(D)(1) and 2929.14(B). Consequently, the appellant asserts that under Blakely v. Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403,124 S.Ct. 2531, appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues thatBlakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury.
 {¶ 7} We again take this opportunity to recognize that Blakely is causing a great degree of confusion and speculation in both the federal and the state courts. While it appears that Ohio courts have not reached a clear consensus on the issue, the Eighth District appears to accept that Blakely applies to Ohio's sentencing scheme and that minimum sentences must be imposed unless a jury, rather than a trial court judge, determines the factors necessary to impose a greater than a minimum sentence. See e.g. State v. Glass, Cuyahoga App. No. 84035,2004-Ohio-4912 at ¶ 7; State v. Taylor, Cuyahoga App. No. 83551,2004-Ohio-4468 at ¶ 36; State v. Quinones, Cuyahoga App. No. 83720,2004-Ohio-4485 at ¶ 30. See, also, State v. Bruce, Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 8} In State v. Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602,2004-Ohio-4792, we reached a different conclusion and held that Blakely
does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
"Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 9} In short, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and theSixth Amendment. See, also, State v. Hardie (2004), Washington App. No. 04CA1. The First District has adopted a similar position, see e.g. State v.Bell, Hamilton App. No. C-030726, 2004-Ohio-3621 at ¶¶ 40-42,[2] as well as some of our colleagues in the Eighth District.[3] Thus, until such time as the United States Supreme Court or the Ohio Supreme Court addresses this issue, we will adhere to our ruling in Scheer.[4]
 {¶ 10} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[2] The Second District also appears to have questioned the applicability of Blakely to factors necessary to impose a nonminimum sentence in Ohio. See State v. Sour, Montgomery App. No. 19913,2004-Ohio-4048 at ¶¶ 7-9.
[3] See e.g. State v. Taylor, Cuyahoga App. No. 88351, 2004-Ohio-4468
at ¶¶ 50-59 (Corrigan, J. Concurring in part and dissenting in part);State v. Glass, Cuyahoga App. No. 83950, 2004-Ohio-4495 at ¶ 21 (Rocco, J., Dissenting).
[4] Obviously, the Ohio Supreme Court must provide Ohio courts with guidance in this area.