OPINION
{¶ 1} This is an appeal by defendant-appellant, Donald R. Slattery, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas, following appellant's guilty plea to three counts of gross sexual imposition and one count of abduction.
 {¶ 2} On September 22, 2004, appellant was indicted on seven counts of gross sexual imposition, in violation of R.C. 2907.05, one count of abduction, in violation of R.C. 2905.02, and one count of kidnapping, in violation of R.C. 2905.01. On November 29, 2004, appellant entered a guilty plea to three counts of gross sexual imposition (each a felony of the fourth degree) and one count of abduction (a felony of the third degree). The trial court made a finding of guilt as to those counts, and entered a nolle prosequi as to the remaining counts of the indictment.
 {¶ 3} The trial court conducted a sentencing hearing on January 18, 2005. By judgment entry filed on January 24, 2005, the court sentenced appellant to 18 months incarceration on each of the gross sexual imposition counts, and five years incarceration on the abduction count. The court ordered the sentences to run consecutively.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
Appellant's due process rights under the state and federal constitutions are violated when the trial court fails to make the required statutory findings when imposing consecutive sentences and by making additional factual findings in giving Appellant maximum sentences.
 {¶ 5} Appellant's sole assignment of error raises two issues. Appellant first argues that the trial court erred in imposing consecutive sentences by failing to make requisite statutory findings. Second, appellant contends he was denied due process because the trial court made additional factual findings to justify imposition of maximum sentences in contravention of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 6} R.C. 2929.14(E)(4) addresses consecutive sentences, and states as follows:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 7} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, the Ohio Supreme Court held: "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 8} In the present case, the state concedes, and we agree, that the trial court did not make the appropriate findings under R.C. 2929.14(E). More specifically, while the trial court discussed the need to protect the public from future crime by appellant, the court failed to find that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Accordingly, this matter must be remanded to the trial court for resentencing in compliance with the applicable statutory requirements.
 {¶ 9} As noted, appellant also contends that the trial court's imposition of maximum sentences in this case contravenes the United States Supreme Court's decision in Blakely. This court, however, has rejected similar arguments. See State v. Cockroft, Franklin App. No. 04AP-608, 2005-Ohio-748, at ¶ 16 (trial court's imposition of non-minimum, maximum and consecutive sentences based on facts supporting aggravating circumstances not found by jury or admitted by defendant not in contravention of Blakely); State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. Rather, "under Ohio's felony sentencing statutes, `[a]s long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, * * *Blakely * * * [is] not implicated.'" State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151, at ¶ 11, quoting State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38. Thus, based upon the above authority, Blakely did not preclude the trial court from imposing maximum sentences in the instant case.
 {¶ 10} In accordance with the foregoing, appellant's single assignment of error is sustained in part and overruled in part, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment affirmed in part and reversed in part; cause remanded.
Klatt and McGrath, JJ., concur.