OPINION
{¶ 1} The defendant-appellant, David Edmond Herbert ("Herbert"), appeals the May 26, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas of Wyandot County, Ohio.
 {¶ 2} On March 10, 2005, the Prosecuting Attorney of Wyandot County filed a Bill of Information charging Herbert with six counts: Count 1: Rape, a violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; Count 2: Unlawful Sexual Conduct with a Minor, a violation of R.C. 2907.04(A), a felony of the third degree; Count 3, 4, 5: Illegal use of a Minor in Nudity Oriented Material, a violation of R.C. 2907.323(A)(1), a felony of the second degree; and Count 6: Pandering Sexually Oriented Matter Involving a Minor, a violation of R.C. 2907.322(A)(5), a felony of the fourth degree.
 {¶ 3} On March 28, 2005, Herbert waived indictment and plead guilty to each of the offenses set forth in the Bill of Information. Herbert agreed to a Stipulation of Facts stating the following:
1) That the Defendant in this matter, David Edmund Herbert isthe maternal grandfather of victim K.A.F. as named in the Bill ofInformation.
 2) That victim K.A.F. has resided with Defendant, David EdmundHerbert, at his place of residence, 2801 County Highway 9Sycamore, Ohio 44882 since the spring of 2003.
 3) The Defendant further stipulates to the introduction ofcertain evidence at the time of sentencing. The evidence consistsof the following:
 a. Photograph of victim K.A.F. relating to Count One of theBill of Information.
 b. Photographs of victim K.A.F. relating to Count Three of theBill of Information. Information depicting the child victim in astate of nudity.
 c. Photographs of victims K.A.F. and B.L.P. relating to CountFour and Five of the Bill of Information depicting the victims ina State of Nudity.
 d. Photographs relating to Count Six of the Bill ofInformation depicting child victims engaged in sexual activity.
The trial court then explained his rights and accepted his guilty pleas. The trial court also acknowledged that if Herbert chose to plead guilty to the charges the trial court would be required to hold a hearing to determine whether he was a sexual predator.
 {¶ 4} On May 24, 2005, the trial court held a combined sexual predator and sentencing hearing. During the sexual predator hearing, the State presented Lieutenant Fry who testified that Herbert seemed to have no remorse. He also claimed that Herbert had thousands of child pornographic images on his computers. During the sentencing portion of the hearing, the State called Abigail Lama-Gaffney, a professional clinical counselor, to testify as to the victim's feelings and circumstances. The trial court found Herbert to be a sexual predator.
 {¶ 5} Then, the trial court proceeded with sentencing. The trial court sentenced Herbert to the following:
[a] basic prison term of nine years on count one; four yearson count two; seven years on ____ on count three ____ let me makethat clear. Seven years on count three; seven years on countfour; seven years on count five; and 17 months on count six,which shall be served in the custody of the Director of OhioDepartment of Corrections and Rehabilitations.
* * *
The Court further orders that these sentences shall be servedcount one, count — of nine years; count two of four years; andcount five of seven years consecutive to one another, with thesentences in count three, four and six being concurrent with oneanother and concurrent to the consecutive sentences imposed incount one, count two, and count five. So it'll be a total of —actual total of 20 years.
Sent Trans. p. 61-62. The trial court found that the defendant was not amenable to community control and that a prison term is consistent with the principles of sentencing as set forth in R.C.2929.11. Specifically, the trial court found:
Toward these findings the Court finds less than prison wouldnot adequately punish you and would not protect the public fromfuture crime by you or others, and would demean the seriousnessof the offenses.
 You have minimized your conduct and show no remorse for it * * *before today. You have attempted to rationalize your behaviorby blaming your victims. You portray your child victims as vixensyou couldn't resist. You explain the rape of a 10 year old as aneducational exercise and justify putting your fingers in her foralleged medical purposes.
* * *
Your victimization of K.A.F. went on for approximately fourand a half years. You taught her it was a way of life for her tobe violated, betrayed and used all for your pleasure.
 The injury inflicted was made worst by the age of yourvictims. One, an impressionable young girl who after years ofabuse is confused, who reports her whole family is in counseling,who has fits of anger, scattered emotions and in her words,`weird thoughts'. A child who is afraid of you and who has lost(according to her) her mom, her friends, and her things for whichshe paid such a heavy price.
Sent. Trans. p. 59-60.
 {¶ 6} The trial court made the following specific findings under R.C. 2929.14(B) and R.C. 2929.14(E)(4):
The Court finds a shortest prison term possible would demeanthe seriousness of the offense. And, would not adequately protectthe public from future crime by the offender and others.
* * *
Consecutive terms are necessary to protect the public fromfuture crime as defendant up until today showed little or noremorse and has justified and made excuses for his criminalacts.
 Consecutive terms are necessary to punish the offender.
* * *
Consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger theoffender imposes to the public.
* * *
The harm caused was so great or unusual that no single prisonterm can adequately reflect the seriousness of the offender'sconduct.
Sent. Trans. p. 62-63.
 {¶ 7} On June 23, 2005, the defendant-appellant filed his notice of appeal raising the following assignment of error:
A TRIAL COURT MAY NOT SENTENCE A DEFENDANT TO NON-MINIMUMSENTENCE AND CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BYTHE JURY OR ADMITTED BY DEFENDANT. SUCH SENTENCE VIOLATESAPPELLANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FIFTH,SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATESCONSTITUTION AND ARTICLE I, § 10 AND 16 OF THE OHIOCONSTITUTION.
 {¶ 8} Herbert alleges that the trial court violated his constitutional rights when it imposed sentences greater than the statutory minimum and consecutive sentences based on the findings not admitted by him or submitted to a jury. Herbert relies upon the holding in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, for this proposition. This Court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65,2005-Ohio-552, at ¶ 16-38.
 {¶ 9} In sum, Herbert concedes that the trial court made all the necessary findings in the May 26, 2005 Judgment Entry and that those findings are supported by the record. Upon review of the record, we find that the trial court properly made all findings at the sentencing hearing and that those findings are supported by evidence in the record.
 {¶ 10} Accordingly, Herbert's assignment of error is overruled and the judgment of the Court of Common Pleas of Wyandot County, Ohio is affirmed.
Judgment affirmed.
 Rogers and Bryant, JJ., concur.