DECISION
{¶ 1} On April 5, 2006, plaintiff-appellee, the State of Ohio, filed an application for reconsideration, pursuant to App.R. 26(A), requesting this court to reconsider its judgment entry filed March 30, 2006. Alternatively, the State also filed a motion to certify a conflict pursuant to App.R. 25(A) and Section 3(B)(4) of the Ohio Constitution. For the following reasons, we grant the State's application for reconsideration. We also deny the State's motion to certify.
 {¶ 2} When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. State v. Rowe (Feb. 10, 1994), Franklin App. No. 93AP-1763; Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached." Juhasz v. Costanzo (Feb. 7, 2002), Mahoning App. No. 99-CA-294.
 {¶ 3} Defendant-appellant, Anton R. Draughon, appealed from a judgment of conviction and sentence that imposed a non-minimum prison sentence for his conviction of one count of attempted carrying of a concealed weapon. Appellant claimed in his first assignment of error that the trial court failed to make findings required to impose a non-minimum sentence. In his second assignment of error, he claimed that the trial court violatedBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, by imposing a non-minimum sentence based on factual findings neither admitted by him nor found by a jury. In response, the State argued that Blakely was not applicable to Ohio's sentencing statutes, and that even if it was, appellant waived his Blakely
challenge by failing to raise it in the trial court.
 {¶ 4} In our March 30, 2006 judgment entry, we summarily sustained appellant's second assignment of error and remanded this matter to the trial court for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In light of that ruling, we found appellant's first assignment of error moot. In its application for reconsideration, the State contends that we failed to consider its waiver and plain error arguments in this case. We agree and grant the State's application to consider these arguments.
 {¶ 5} In Foster, the Supreme Court of Ohio determined that portions of this state's sentencing statutes violate theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely, supra. Id. Foster specifically dealt with four defendants who were all sentenced before the decision inBlakely. Before addressing the constitutionality of Ohio's sentencing statutes, the Court resolved the State's claim that Foster waived his constitutional argument by not asserting it in the trial court. The Court rejected waiver, noting that Foster could not have waived his sentencing objections "when no one could have predicted that Blakely would extend the Apprendi
doctrine to redefine `statutory maximum.'" Id. at ¶ 31. The Court went on to find that a number of Ohio's sentencing statutes violate a defendant's constitutionally-protected Sixth Amendment right to a trial by jury. The Court severed these statutes and allowed trial courts full discretion when imposing prison sentences in most situations. Id. at ¶ 100. The Court remanded three of the four cases, as well as those pending on direct review, for resentencing. Id. at ¶ 104.
 {¶ 6} The State claims that appellant waived his Blakely
argument because he did not present the argument to the trial court. The Ninth District Court of Appeals has determined that defendants waive a Blakely challenge to their sentence if they were sentenced after Blakely was decided and did not raise such a challenge in the trial court. State v. Dudukovich, Lorain App. No. 05CA008729, 2006-Ohio-1309; State v. Jones, Summit App. No. 22811, 2006-Ohio-1820. At least one district court of appeals in Ohio has rejected the waiver argument in these cases, noting the broad language in Foster applying its mandate to all cases pending on direct appeal. State v. Miller, Montgomery App. No. 21054, 2006-Ohio-1138; State v. Mitchell, Clark App. No. 2005CA58, 2006-Ohio-1259; but, see, Miller, at ¶ 7 (Brogan, J., dissenting). One other district court of appeals recently remanded a case pursuant to Foster, even though trial counsel did not raise a Blakely challenge before the trial court.State v. Williams, Ashtabula App. No. 2004-A-0052,2006-Ohio-2008. That court, however, did not address the waiver issue.
 {¶ 7} We acknowledge the broad language the Supreme Court of Ohio used in Foster when it ordered resentencing for all cases pending on direct review. However, we conclude that a defendant who did not assert a Blakely challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on Foster. We first note that, normally, constitutional arguments not made in the trial court are waived.State v. Awan (1986), 22 Ohio St.3d 120, 122; State v.Samatar, 152 Ohio App.3d 311, 2003-Ohio-1639, at ¶ 115. Appellant did not present a Blakely argument in the trial court. We also must consider the language used in United Statesv. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, the case thatFoster relied on in arriving at its choice of remedy. Foster,
at ¶ 106. In Booker, the United States Supreme Court appliedBlakely to the Federal Sentencing Guidelines. The Booker
Court applied its holding to all cases on direct review.Booker, at 268. The Booker Court stated, however, that despite the application of its holding to all those cases, not every appeal would lead to a new sentencing hearing. Id. The Court expected reviewing courts to apply "ordinary prudential doctrines," such as waiver or plain error, to determine whether to remand a case for a new sentencing. See, also, Smylie v.Indiana (Ind. 2005), 823 N.E.2d 679, 688 (cited with approval inFoster, noting application of Blakely to cases on direct appeal subject to standard rules of appellate review, including waiver).
 {¶ 8} Thus, in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language inBooker, we hold that a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court. Unlike each of the defendants in Foster, appellant was sentenced after the Supreme Court's decision in Blakely.
See Dudukovich, supra. Thus, he could have objected to his sentencing based on Blakely and the constitutionality of Ohio's sentencing scheme. Appellant, however, did not raise such a constitutional challenge to Ohio's sentencing statutes in the trial court. While he did object to the trial court's imposition of a non-minimum sentence, he did not object based on Blakely.
Therefore, appellant waived his Blakely argument on appeal. Accordingly, on reconsideration, appellant's second assignment of error is overruled.
 {¶ 9} Appellant's first assignment of error contended that the trial court failed to make findings required by R.C.2919.14(C) to impose a non-minimum sentence. Although the State conceded error in this regard, that was before the decision inFoster. Foster determined that portions of Ohio's sentencing statutes, including R.C. 2919.14(C), was unconstitutional and severed those portions of the statutes. Thus, trial court's are no longer required to make R.C. 2919.14(C) findings in order to impose a non-minimum sentence. Foster, at paragraph seven of the syllabus. Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} The State's application for reconsideration is well-taken and is granted. Upon reconsideration, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 {¶ 11} The State also filed a motion to certify our judgment entry in this case to be in conflict with the Ninth District Court of Appeals' decision in Dudukovich, supra. Because we have reconsidered our judgment entry in this case, the State's motion to certify is rendered moot.
Application for reconsideration granted; motion to certifymoot.
Brown and McGrath, JJ., concur.