JOURNAL ENTRY and OPINION
{¶ 1} Defendant Tara Murphy pleaded guilty to one count of involuntary manslaughter and one count of conspiracy to commit aggravated robbery. The court sentenced her to five years on each count, to be served concurrently. In this appeal, she complains that the court erred by imposing more than the minimum prison term because she had not previously served a prison sentence.
 {¶ 2} Murphy appears benightedly unaware that she is asking this court to enforce a sentencing scheme that has been declared unconstitutional. In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the supreme court held at paragraph one of the syllabus that R.C. 2929.14(B) and (C) were unconstitutional because they mandate judicial fact finding before a sentencing court may impose a sentence greater than the maximum term authorized by a jury verdict or admission by the offender. To remedy this violation, the supreme court ordered that R.C.2929.14(B) and (C) be severed from the statutory scheme. Id. at paragraph two of the syllabus. Thus, "judicial fact finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at paragraph seven of the syllabus.
 {¶ 3} Murphy's argument in essence asks us to order the court to do that which is now unconstitutional — remand for sentencing and additional fact finding. This we cannot do. The sentencing transcript shows that the court made no factual findings of any kind during sentencing. A remand for resentencing would be pointless, then, as no error occurred below. If the court did not make the required findings under the old sentencing regime, it would serve no purpose whatsoever to remand the case back to the court so that it could once again not make the findings. SeeState v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 9; State v. Windham, Wayne App. No. 05CA0033,2006-Ohio-1544, at ¶ 7.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Calabrese, Jr., J., concur.