OPINION
{¶ 1} Defendant-appellant, Ernest Gray, III, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a total of nine years in prison. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On September 19, 2003, defendant was indicted on one count of attempted aggravated burglary, in violation of R.C.2923.02 as it relates to R.C. 2911.11, two counts of attempted murder, in violation of R.C. 2923.02 as it relates to R.C.2903.02, two counts of felonious assault, in violation of R.C.2903.11, and one count of improperly discharging a firearm at or into a habitation, in violation of R.C. 2923.161. All counts carried both one-year and three-year firearm specifications, in violation of R.C. 2941.141 and 2941.145, respectively.
 {¶ 3} In April 2004, the case was tried before a jury. At the end of the trial, the one-year firearm specifications were dismissed as to each of the six counts. The jury found defendant guilty of one count of attempted burglary, in violation of R.C.2923.02 as it relates to R.C. 2911.11, a lesser-included offense of attempted aggravated burglary, but not guilty of the accompanying firearm specification; not guilty on both counts of attempted murder; guilty on both counts of felonious assault with the firearm specifications; and guilty on one count of improperly discharging a firearm at or into a habitation with the firearm specification.
 {¶ 4} The trial court imposed prison terms of six months on the attempted burglary count; two years on each of the felonious assault counts with an additional three years for each of the firearm specifications; and two years on the improperly discharging a firearm at or into a habitation count with an additional three years for the firearm specification. The court ordered the sentence on the attempted burglary count to be served concurrently with the other counts, which were ordered to be served consecutively with each other.
 {¶ 5} Defendant appealed his conviction and sentence to this court. See State v. Gray, Franklin App. No. 04AP-938,2005-Ohio-4563. In the appeal, defendant set forth three assignments of error, which alleged that: (1) his felonious assault convictions were not supported by sufficient evidence and were against the manifest weight of the evidence; (2) the trial court erred in not merging, for purposes of sentencing, his felonious assault convictions with each other and with his conviction for improperly discharging a firearm at or into a habitation; and (3) the trial court erred in imposing three consecutive three-year terms of actual incarceration for the firearm specifications. This court overruled defendant's first and second assignments of error and sustained his third assignment of error. This court accordingly affirmed the judgment in part, reversed it in part, and remanded the cause for resentencing consistent with that opinion. See Gray, at ¶ 29.
 {¶ 6} On December 8, 2005, the trial court held a resentencing hearing pursuant to this court's decision in Gray.
At the hearing, the trial court indicated its understanding that, upon remand from this court, it could only change defendant's multiple-offense sentence as to the firearm specifications, and that it could not otherwise change his sentence. Defendant's counsel concurred in that assessment.
 {¶ 7} Thus, by judgment entry filed December 9, 2005, the trial court imposed the same multiple-offense sentence that was previously imposed, except it changed the sentencing as to the firearm specifications. Specifically, the trial court imposed prison terms of six months on the attempted burglary count; two years on each of the felonious assault counts; two years on the improperly discharging a firearm at or into a habitation count; and three years on the firearm specifications. The court ordered that the firearm specifications are to be served concurrently with each other for a total of three years. The court further ordered the sentence on the attempted burglary count to be served concurrently with the other counts, which were ordered to be served consecutively with each other, and consecutively to the three-year firearm specification sentence, for a total of nine years in prison.
 {¶ 8} Defendant appeals from that judgment and has set forth the following single assignment of error:
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.
 {¶ 9} Under his assignment of error, defendant argues that the trial court improperly engaged in judicial fact-finding when it resentenced him. In support of his argument, defendant citesBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In essence, defendant challenges the trial court's imposition of consecutive sentences for three of his felony convictions. The state argues, inter alia, that defendant has waived his challenge to his sentence that is based on Foster and Blakely.
 {¶ 10} In Apprendi, at 490, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, at 303, the United States Supreme Court, in applying the rule in Apprendi, held that the statutory maximum is "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdictor admitted by the defendant." (Emphasis sic.)
 {¶ 11} After the trial court entered judgment on December 9, 2005, but before the parties filed their briefs in this appeal, the Supreme Court of Ohio released Foster. In Foster, the Supreme Court, following Apprendi and Blakely, found portions of Ohio's felony sentencing scheme unconstitutional because those portions required judicial fact-finding in violation of a defendant's Sixth Amendment right to a trial by jury. TheFoster court severed the unconstitutional provisions from Ohio's felony sentencing laws.
 {¶ 12} In this appeal, defendant cites both State v.Hernandez, Franklin App. No. 05AP-112, 2006-Ohio-1207, andState v. Alexander, Franklin App. No. 05AP-192, 2006-Ohio-1298, as support for his argument that this case must be remanded for resentencing. In Hernandez and Alexander, the defendants challenged their non-minimum and/or consecutive sentences. Relying on Foster, this court remanded both matters for resentencing. However, presumably because the issue was not raised, this court did not analyze, in either opinion, the issue of waiver as it relates to a challenge of an imposed prison sentence.
 {¶ 13} This court has recently held that "a Blakely
challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." State v. Draughon,
Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 8. Defendant was originally sentenced in August 2004 and was resentenced in December 2005. Blakely was decided on June 24, 2004. Defendant's counsel raised the issue of Blakely at the August 17, 2004 sentencing hearing. However, the Blakely issue was not raised in the first appeal to this court from the original sentencing judgment. Furthermore, on remand from this court, defendant did not make a contemporaneous objection to his sentence on the basis of the Blakely decision.
 {¶ 14} In addition, insofar as the second sentencing hearing was not an entirely new independent sentencing proceeding, considering that the authority of the trial court was limited to resentencing defendant as to the firearm specifications, res judicata bars defendant from raising the Blakely issue in this appeal. "`Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.'"State v. Hutton, 100 Ohio St.3d 176, 2003-Ohio-5607, at ¶ 37, quoting State v. D'Ambrosio (1995), 73 Ohio St.3d 141, 143. In this appeal, defendant's Blakely challenge relates to the consecutive sentences imposed for the convictions for felonious assault and improperly discharging a firearm at or into a habitation. However, in defendant's previous appeal to this court, he did not assign error based on Blakely, even though he unsuccessfully challenged the consecutive sentences for those three felony convictions on a different ground. As such, defendant is precluded from raising that issue in this appeal.
 {¶ 15} Therefore, we find defendant's Blakely challenge in this appeal not well-taken. Consequently, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Brown, J., concur.