OPINION
{¶ 1} On September 22, 2005, Robert D. Ratliff, II, defendant-appellant, was indicted on two counts of robbery, one as a second-degree felony, and the other as a third-degree felony. After plea negotiations, the trial court accepted appellant's plea to the stipulated lesser-included offense of attempted robbery, a fourth-degree felony, and continued the matter for a pre-trial investigation.
 {¶ 2} At the sentencing hearing, defense counsel pointed out that the instant offense was appellant's first felony conviction. The trial court imposed a sentence greater than the minimum, a sentence of 17 months, after reviewing the pre-sentence report and appellant's record as well as considering the argument of counsel.
 {¶ 3} Appellant appeals, asserting the following assignment of error:
The trial court sentenced Appellant pursuant to provisions of the Ohio Revised Code subsequently declared unconstitutional by the Ohio Supreme Court.
 {¶ 4} At the time of sentencing, pertinent statutes contained in Am. Sub. S.B. No. 2 were still on the books in Ohio and those statutes, notably R.C. 2929.14(B), allowed the trial court to enhance the sentence of first offenders like appellant herein if certain findings were made. This was held to be a matter for the court and not a jury issue. These provisions were found to be unconstitutional by the Ohio Supreme Court in 2006, a case decided after the trial court hearing in this case. See State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 5} Appellant asserts that, because a jury did not make the factual findings, appellant's Sixth Amendment right to a trial by jury and his Fourteenth Amendment right to due process were violated.
 {¶ 6} In two previous cases in this court, we held that appellant was not entitled to a remand for resentencing if the United States Supreme Court cases, upon which Foster was based, had been decided prior to the trial court sentencing and the issue of entitlement to a trial by jury on this issue was not asserted. Our court has found there to be a waiver of the right to trial by jury on the trial court enhancement issue. See Statev. Silverman, Franklin App. No. 05AP-837, 2006-Ohio-3826, at ¶ 136-140:
Next, appellant contends that the trial court erred by sentencing appellant to non-minimum, consecutive sentences under Ohio's felony sentencing statutes. In particular, appellant asserts that the trial court imposed the non-minimum, consecutive sentences in violation of jury trial principles afforded by theSixth Amendment to the United States Constitution and in contravention of Blakely v. Washington (2004), 542 U.S. 296.
Blakely stems from Apprendi v. New Jersey (2000),530 U.S. 466, 490, wherein the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined "`statutory maximum' forApprendi purposes" as "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdictor admitted by the defendant." (Emphasis sic.) Blakely at 303.
Since appellant's sentencing, and since the parties submitted their appellate briefs, the Ohio Supreme Court decided the applicability of Blakely to Ohio's felony sentencing laws inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster,
the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statues violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely. Foster
at ¶ 50-83. In particular, the Ohio Supreme Court declared unconstitutional the statutes involved in appellant's case, which are statutes governing a trial court's imposition of: (1) non-minimum sentences on first time offenders, like appellant; and (2) consecutive sentences. See Foster at ¶ 83. Thus, inFoster, the Ohio Supreme Court severed the unconstitutional statutes from Ohio's felony sentencing laws. Id. at ¶ 99. The Ohio Supreme Court then concluded that cases pending on direct review "must be remanded to the trial courts for new sentencing hearings." Id. at ¶ 104.
In State v. Draughon, Franklin App. No. 05AP-860,2006-Ohio-2445, at ¶ 7, we acknowledged the "broad language the Supreme Court of Ohio used in Foster when it ordered resentencing for all cases pending on direct review." However, we concluded that "a defendant who did not assert a Blakely
challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on Foster." Id. In concluding as such, we "consider[ed] the language used in UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, the case that Foster relied on in arriving at" its decision to sever the unconstitutional statutes from Ohio's felony sentencing laws. Id. "In Booker, the United States Supreme Court applied Blakely
to the Federal Sentencing Guidelines." Id. "The Booker Court applied its holding to all cases on direct review." Id. However, the Booker court "expected reviewing courts to apply `ordinary prudential doctrines,' such as waiver * * * to determine whether to remand a case for a new sentencing." Id., quoting Booker at 268. "Thus, in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language inBooker," we held in Draughon that a "Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." Draughon at ¶ 8.
Here, the trial court sentenced appellant after the United States Supreme Court issued Blakely. Thus, appellant could have objected to his sentencing based on Blakely and the constitutionality of Ohio's sentencing scheme. Appellant did not do so. Therefore, pursuant to Draughon, we conclude that appellant waived his Blakely argument on appeal. See Draughon
at ¶ 7.
Accordingly, based on the above, we need not reverse appellant's prison sentences on Eighth Amendment or Blakely
grounds. As such, we overrule appellant's second and third assignments of error.
See, also, State v. Draughon, Franklin App. No. 05AP-860,2006-Ohio-2445, at ¶ 7-8:
We acknowledge the broad language the Supreme Court of Ohio used in Foster when it ordered resentencing for all cases pending on direct review. However, we conclude that a defendant who did not assert a Blakely challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on Foster. We first note that, normally, constitutional arguments not made in the trial court are waived.State v. Awan (1986), 22 Ohio St.3d 120, 122; State v.Samatar, 152 Ohio App.3d 311, 2003-Ohio-1639, at ¶ 115. Appellant did not present a Blakely argument in the trial court. We also must consider the language used in United Statesv. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, the case thatFoster relied on in arriving at its choice of remedy. Foster,
at ¶ 106. In Booker, the United States Supreme Court appliedBlakely to the Federal Sentencing Guidelines. The Booker
Court applied its holding to all cases on direct review.Booker, at 268. The Booker Court stated, however, that despite the application of its holding to all those cases, not every appeal would lead to a new sentencing. Id. The Court expected reviewing courts to apply "ordinary prudential doctrines," such as waiver or plain error, to determine whether to remand a case for a new sentencing. See, also, Smylie v.Indiana (Ind. 2005), 823 N.E.2d 679, 688 (cited with approval inFoster, noting application of Blakely to cases on direct appeal subject to standard rules of appellate review, including waiver).
Thus, in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language in Booker, we hold that a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court. Unlike each of the defendants in Foster, appellant was sentenced after the Supreme Court's decision in Blakely. See [State v.Dudukovich, Lorain App. No. 05CA008729, 2006-Ohio-1309]. Thus, he could have objected to his sentencing based on Blakely and the constitutionality of Ohio's sentencing scheme. Appellant, however, did not raise such a constitutional challenge to Ohio's sentencing statutes in the trial court. While he did object to the trial court's imposition of a non-minimum sentence, he did not object based on Blakely. Therefore, appellant waived hisBlakely argument on appeal. * * *
 {¶ 7} Appellant did not raise the jury trial issue at the trial court sentencing hearing. Following the above asserted authority of this court, we find that the right has been waived and appellant is not entitled to a remand for resentencing.
 {¶ 8} Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and French, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.