OPINION
{¶ 1} Defendant-appellant, William B. Lindsey, appeals from judgments of the Franklin County Court of Common Pleas sentencing him to a total of nine years and ten months in prison for his convictions in the underlying criminal cases. For the reasons that follow, we affirm the judgments of the trial court.
 {¶ 2} On February 2, 2005, in case No. 05CR-02-707, defendant was indicted on one count of improperly discharging a firearm at or into a habitation or in a school safety zone, in violation of R.C. 2923.161, a felony of the second degree, with a firearm specification under R.C. 2941.145, and one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree.
 {¶ 3} On September 21, 2005, in case No. 05CR-09-6334, defendant was indicted on one count of domestic violence, in violation of R.C. 2919.25, a felony of the fourth degree; one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree; and felonious assault, in violation of R.C.2903.11, a felony of the second degree.
 {¶ 4} On October 4, 2005, in case No. 05CR-10-6729, defendant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the fourth degree.
 {¶ 5} A plea hearing was held on December 15, 2005. In case No. 05CR-02-707, defendant pled guilty to improperly discharging a firearm into a habitation, in violation of R.C. 2923.161, a felony of the second degree, with the three-year firearm specification (count one). A nolle prosequi was entered for count two of the indictment in that case. In case No. 05CR-09-6334, defendant pled guilty to domestic violence, in violation of R.C.2919.25, a felony of the fourth degree (count one). A nolle prosequi was entered for counts two and three of the indictment in that case. In case No. 05CR-10-6729, defendant pled guilty to possession of cocaine, in violation of R.C. 2925.11, a felony of the fourth degree.
 {¶ 6} A sentencing hearing was held on January 31, 2006. In case No. 05CR0-2-707, the trial court sentenced defendant to five years in prison for his conviction for improperly discharging a firearm into a habitation and three years in prison for the firearm specification. In case No. 05CR-09-6334, the trial court sentenced defendant to 13 months in prison for his domestic violence conviction. In case No. 05CR-10-6729, the trial court imposed a sentence of nine months in prison for defendant's possession of cocaine conviction. The court ordered all of the sentences to be served consecutively. Thus, defendant was sentenced to a total of nine years and ten months in prison. The trial court entered judgment in all three cases on February 2, 2006.
 {¶ 7} Defendant timely filed a notice of appeal in all three cases, and on March 8, 2006, this court sua sponte consolidated the three appeals. In this matter, defendant has set forth the following single assignment of error for our review:
The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated theSixth Amendment to the United States Constitution.
 {¶ 8} Under his assignment of error, defendant argues that the trial court imposed consecutive sentences in violation of jury trial principles afforded by the Sixth Amendment to the United States Constitution. Additionally, defendant argues that application of the Supreme Court of Ohio's holding in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, regarding the resentencing of offenders, to persons who committed their criminal offenses prior to the release of that case violates United States Supreme Court precedent regarding ex post facto and due process. According to defendant's reasoning, this court should reverse the consecutive sentences imposed upon him and remand this matter with instructions for the trial court to impose concurrent sentences for the convictions in the three trial court cases, thereby resulting in a total sentence of eight years in prison. Essentially, defendant wants this court to find that his consecutive sentences were unconstitutional in view ofFoster, but that the resentencing remedy outlined in Foster
should not be applied. According to defendant, the resentencing remedy outlined in Foster is unconstitutional as applied to persons, like him, who committed their offenses prior to the release of that decision.
 {¶ 9} In Apprendi v. New Jersey (2000), 530 U.S. 466, at 490, 120 S.Ct. 2348, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington (2004),542 U.S. 296, at 303, 124 S.Ct. 2531, the United States Supreme Court, in applying the rule in Apprendi, held that the statutory maximum is "the maximum sentence a judge may impose solely on the basisof the facts reflected in the jury verdict or admitted by thedefendant." (Emphasis sic.)
 {¶ 10} In Foster, supra, the Supreme Court of Ohio, following Apprendi and Blakely, found portions of Ohio's felony sentencing scheme unconstitutional because those portions required judicial fact-finding in violation of a defendant'sSixth Amendment right to a trial by jury. As pertinent here, theFoster court held that R.C. 2929.14(E)(4) and 2929.41(A) are unconstitutional, as they require judicial fact-finding before consecutive sentences are imposed, in violation of a defendant'sSixth Amendment right to a trial by jury. Id. at paragraph three of the syllabus. The Foster court severed the unconstitutional provisions from Ohio's felony sentencing laws. Pursuant toFoster, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 11} In addition, the Foster court concluded that cases pending on direct review "must be remanded to trial courts for new sentencing hearings[.]" Id. at ¶ 104. In this regard, this court has recognized the "broad language the Supreme Court of Ohio used in Foster when it ordered resentencing for all cases pending on direct review." See State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7. However, this court has also concluded that "a defendant who did not assert a Blakely
challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on Foster." Id. In other words, "a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." Id. at ¶ 8.
 {¶ 12} Blakely was decided on June 24, 2004. Defendant's sentencing hearing occurred on January 31, 2006. However, defendant's counsel did not raise error in the trial court on the basis of Blakely. Therefore, we conclude that defendant has waived his Blakely challenge for purposes of this appeal. Furthermore, because defendant has waived his Blakely challenge to his consecutive sentences, we do not reach the issues raised by his arguments regarding the constitutionality of the resentencing remedy set forth in Foster.
 {¶ 13} Based on the foregoing, we overrule defendant's single assignment of error and accordingly affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
McGRATH and TRAVIS, JJ., concur.