{¶ 49} In its decision, the majority concludes that it must remand this cause for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-0856, even though Appellant did not raise his Sixth Amendment right to a jury trial when he was sentenced after the United States Supreme Court had decidedBlakely v. Washington (2004), 542 U.S. 296. In doing so, it sides with the Second and Sixth Districts in a conflict with the Ninth and Tenth Districts which has already been certified to the Ohio Supreme Court. I must respectfully disagree.
 {¶ 50} In Foster, the Ohio Supreme Court held that R.C.2929.14(B), 2929.14(C), and 2929.14(E)(4), which respectively address non-minimum, maximum, and consecutive felony sentences, are unconstitutional because they violate a defendant's right to a jury trial. When reaching this conclusion, the court primarily relied on the United States Supreme Court's recent decisions inBlakely, decided on June 24, 2004, and United States v.Booker (2005), 543 U.S. 220, decided on January 12, 2005. BothBlakely and Booker were outgrowths of the Court's prior decision in Apprendi v. New Jersey (1999), 530 U.S. 466, 490, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The United States Supreme Court expects "reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the `plain-error' test." Booker at 268.
 {¶ 51} In Foster, each of the defendants was sentenced prior to June 24, 2004, the date Blakely was decided. The State argued that the defendant waived the issue since he did not raise it in the trial court. The Ohio Supreme Court rejected that argument, concluding that he "could not have relinquished his sentencing objections as a known right when no one could have predicted that Blakely would extend the Apprendi doctrine to redefine `statutory maximum.'" Id. at ¶ 31, citing Smylie v.State (Ind. 2005), 823 N.E.2d 679, 687.
 {¶ 52} The court then issues the following mandate:
 {¶ 53} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony-sentencing code must protect Sixth Amendment principles as they have been articulated. * * *
 {¶ 54} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review." (Footnote omitted) (Citations omitted) Id. at ¶ 103-106.
 {¶ 55} Although the language mandating the remand of cases pending on direct review in Foster is sweeping, the Ohio Supreme Court twice explicitly stated that it made this mandate to comply with Booker. Thus, it cannot have intended for Ohio's appellate courts to ignore "ordinary prudential doctrines," such as waiver. Furthermore, the Ohio Supreme Court's decision to address the waiver issue in Foster itself shows that the court did not intend to suspend these doctrines in all sentencing cases involving a defendant's Sixth Amendment right to a jury trial. Thus, I must respectfully disagree with the majority's conclusion that we must ignore the "ordinary prudential doctrine" of waiver when faced with a defendant who raises a Foster issue.
 {¶ 56} In this case, Appellant was sentenced on May 5, 2005, well after both Blakely and Booker were decided. Indeed, by the time Appellant was sentenced in August 2005, one of Ohio's appellate districts had applied Blakely and Booker to Ohio's felony sentencing scheme and found that scheme unconstitutional. See State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018
(Decided on Mar. 11, 2005); State v. Bruce,159 Ohio App.3d 562, 2005-Ohio-0373 (Decided on Feb. 4, 2005). Furthermore, the Ohio Supreme Court had already accepted some of the cases consolidated in Foster for review on this issue by the time Appellant was sentenced. See State v. Quinones, 2004-1771, 2005-Ohio-0286; State v. Foster, 2004-1568, 2004-Ohio-7033. Appellant surely should have known that this issue was not a settled issue in the State of Ohio, even though this district decided a case reaching the opposite conclusion of Foster in December 2004. See State v. Barnette, 7th Dist. No. 02CA65,2004-Ohio-7211. There is no excuse for Appellant's failure to raise Blakely-related issues at his sentencing. These facts are drastically different than the ones facing the Ohio Supreme Court in regard to the waiver issue in Foster.
 {¶ 57} In support of its conclusion that waiver does not apply in the wake of Foster, the majority cites eight cases in which the defendant was sentenced after Blakely, but beforeFoster, State v. Moser, 5th Dist. No. 05CA39, 2006-Ohio-0165;State v. Bryant, 9th Dist. No. 22723, 2006-Ohio-0517; State v.Kendrick, 2d Dist. No. 20965, 2006-Ohio-0311; State v. Phipps,
8th Dist. No. 86133, 2006-Ohio-0099; State v. Hampton, 10th Dist. No. 04AP-806, 2005-Ohio-7063; State v. Herbert, 3d Dist. No. 16-5-08, 2005-Ohio-6869; State v. Wassil, 11th Dist. No. 2004-P-0102, 2005-Ohio-7053; and State v. Cottrell, 7th Dist. No. 04CO53, 2005-Ohio-6923. See Opinion at ¶ 43. The Ohio Supreme Court remanded each of these cases for resentencing in accordance with Foster. See In re Criminal Sentencing Cases,109 Ohio St. 3d 509, 2006-Ohio-2721, at ¶ 5 (Reversing Wassill and remanding the case for resentencing), ¶ 9 (Reversing Moser and remanding the case for resentencing), ¶ 10 (Reversing Bryant
and remanding the case for resentencing); In re CriminalSentencing Cases, 109 Ohio St. 3d 411, 2006-Ohio-2394, at ¶ 12
(Reversing Cottrell and remanding the case for resentencing), ¶ 18 (Reversing Phipps and remanding for resentencing), ¶ 19 (Reversing Kendrick and remanding for resentencing); In reCriminal Sentencing Cases, 109 Ohio St. 3d 313, 2006-Ohio-2109, at ¶ 251 (Reversing Herbert and remanding for resentencing), ¶ 252 (Reversing Hampton and remanding for resentencing). However, a review of the appellate decisions in those cases does not reveal whether the defendant objected to his sentence pursuant to Blakely at the sentencing hearing. Accordingly, they do not shed any light on the issue of waiver.
 {¶ 58} The only case cited by the majority which does discuss waiver is Cottrell. However, this court concluded that the defendant had waived the issue in that case because he had agreed to a bench trial, rather than a jury trial. Cottrell at ¶ 37. At no time does the opinion ever address whether the defendant waived his right to a jury trial for the purpose of the sentencing factors addressed in Foster. The United States Supreme Court in Blakely distinguished between a jury trial waiver for the purpose of facts leading to guilt and the facts to be considered for sentencing. Thus, none of the cases cited by the majority provide "a clear indication that Foster is a special case in which the doctrine of waiver is inapplicable." Opinion at ¶ 45.
 {¶ 59} Although none of the cases cited by the majority demonstrates that its conclusion is correct, there is at least one case decided in the In re Criminal Sentencing Cases
decisions which demonstrate that it is incorrect. For instance, in State v. Taylor, 4th Dist. No. 04CA13, 2005-Ohio-2223, the Fourth District affirmed a defendant's sentence for more than the statutory minimum, finding that Blakely did not apply to Ohio's felony sentencing structure. Despite the fact that the Fourth District's conclusion is directly contrary to the Ohio Supreme Court's decision in Foster, the Ohio Supreme Court affirmed
this decision in In re Criminal Sentencing Cases,109 Ohio St. 3d 313, 2006-Ohio-2109, at ¶ 159. The obvious explanation for this apparent contradiction is that the Ohio Supreme Court concluded that the defendant in Taylor had waived his right to raise the issue and affirmed his sentence accordingly. ThusFoster's progeny shows that the Ohio Supreme Court did not intend to make the doctrine of waiver inapplicable in this area of the law.
 {¶ 60} Currently, there is a split in the districts over this direct issue. The Second and Sixth Districts conclude that this type of error cannot be waived. See State v. Davis, 2nd Dist. No. 21047, 2006-Ohio-4005; State v. Brinkman, 6th Dist. No. WD-05-058, 2006-Ohio-3868, at ¶ 30-34; State v. Miller, 2nd Dist. No. 21054, 2006-Ohio-1138. I agree with the Ninth and Tenth Districts, which conclude that this error can be waived. SeeState v. Draughon, 10th Dist. No. 05AP-860, 2006-Ohio-2445, at ¶ 8; State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 24. This split should not last long, since the Sixth District has certified a conflict to the Ohio Supreme Court on this issue. See Brinkman at ¶ 34. In the meantime, however, I must disagree with the majority's conclusion. The judgment of the trial court should be affirmed.