DECISION
{¶ 1} This appeal arises from the Franklin County Court of Common Pleas' February 6, 2006 journal entry resentencing appellant, Donald R. Slattery, pursuant to a guilty plea entered on November 29, 2004. For the reasons that follow, we are compelled to reverse the trial court's judgment.
 {¶ 2} On September 22, 2004, a Franklin County Grand Jury issued a nine count indictment charging appellant with seven counts of gross sexual imposition, in violation of R.C. 2907.05, one count of abduction, in violation of R.C. 2905.02, and one count of kidnapping, in violation of R.C. 2905.01. On November 29, 2004, appellant pleaded guilty to three counts of gross sexual imposition, each a felony of the fourth degree, and to abduction, a third-degree felony. The trial court accepted appellant's plea of guilty and entered a nolle prosequi on the remaining five counts on the indictment.
 {¶ 3} On January 18, 2005, the trial court presided over appellant's sentencing hearing. After adjudicating appellant a sexually oriented offender, the court heard from the victim's mother (appellant's sister), who recounted the strife caused by appellant's offenses. Defense counsel then addressed the court, presenting mitigating factors but never questioning the constitutionality of imposing more-than-minimum sentences. Appellant also made a statement on his own behalf. Upon consideration of all the evidence presented, the trial court imposed the maximum sentence: 18 months of incarceration for each of the three counts of gross sexual imposition and five years of incarceration for the single count of abduction, each to be served consecutively. The court journalized its decision on January 24, 2005.
 {¶ 4} Appellant appealed the trial court's decision and sentencing entry, arguing that: (1) the trial court denied him due process of the law in making "additional factual findings to justify imposition of maximum sentences in contravention ofBlakely v. Washington (2004), 542 U.S. 296"; and (2) the "court erred in imposing consecutive sentences by failing to make requisite statutory findings." State v. Slattery, Franklin App. No. 05AP-196, 2005-Ohio-5164, at ¶ 15 ("Slattery I"). On September 29, 2005, we issued an opinion in which we sustained appellant's argument that the trial court had failed to make sufficient factual findings required by R.C. 2929.14(E) to justify imposition of a maximum sentence. At the same time, we overruled appellant's Blakely argument in light of prior decisions of this district that had held Blakely was not implicated under Ohio's sentencing statutes. The case was remanded for further proceedings. Slattery I, supra.
 {¶ 5} On February 2, 2006, the trial court held a second sentencing hearing pursuant to our instructions on remand. Appellant's counsel noted that an argument based upon Blakely
had been raised in the first appeal, but was rejected based on Tenth District precedent. Counsel also noted that the issue of whether Blakely applied to Ohio's sentencing statutes was pending before the Supreme Court of Ohio.
 {¶ 6} After considering the arguments from counsel, a statement from appellant, the presentence investigation report and defense counsel's sentencing memorandum, the court concurred with the previous determination from January 24, 2005 and imposed an identical sentence. In light of our holding in Slattery I,
the trial court adopted its previous findings regarding the propriety of the maximum sentences imposed. Regarding consecutive sentences, the court stated:
Mr. Slattery, it's the finding of this court that consecutive sentences are necessary to prevent future crimes and to punish you.
The consecutive sentences are not disproportionate to the seriousness of your conduct. And, I do find that you do pose a danger to the community, and that consecutive sentences are necessary to address the danger that you pose. And, I also find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes that you may be inclined to commit.
(Tr. at 18.) The trial court journalized its determination in a journal entry dated February 6, 2006.
 {¶ 7} Upon timely appeal, appellant raises a single assignment of error for review:
THE TRIAL COURT ERRED, DENYING APPELLANT DUE PROCESS OF LAW, WHEN IT MADE ADDITIONAL FACTUAL FINDINGS AS SET FORTH IN R.C. §2929.14(C) AND (E)(4) IN IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES UPON APPELLANT FOR ABDUCTION AND THREE COUNTS OF GROSS SEXUAL IMPOSITION, IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO.
 {¶ 8} Appellant's current assignment of error raises the same issues raised in the previous appeal. However, subsequent to our decision in Slattery I and resentencing in the trial court, the Supreme Court of Ohio announced State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Contrary to the prior holdings of this and several other Ohio appellate districts, Foster appliedBlakely to Ohio's sentencing statutes and found R.C. 2929.14(C) and 2929.14(E)(4) unconstitutional. Foster, at ¶ 83. However, the Foster court went on to sever the offending provisions from the balance of the sentencing statutes. The court concluded that sentencing courts have full discretion to impose any prison sentence that falls within the statutory range of punishment and no longer must make findings or give reasons for imposing maximum, consecutive or more than minimum sentences. Id. at ¶ 100. The cases consolidated for argument in Foster were "remanded to the trial courts for new sentencing hearings." Id. at ¶ 104.
 {¶ 9} Given this directive, the state's appellate brief concedes that appellant's case should be remanded to the trial court for a third sentencing hearing. However, while all of the defendants in Foster were sentenced before the United States Supreme Court released Blakely on June 24, 2004, many appeals stemming from Foster involve defendants who were sentenced after Blakely was issued. Thus, applying "ordinary prudential doctrine" of waiver,[1] this court has held numerous times that a defendant who was sentenced after June 24, 2004 and failed to raise the proper constitutional challenge in the trial court has waived that challenge, forfeiting his right to a new sentencing hearing. State v. Silverman, Franklin App. No. 05AP-837, 2006-Ohio-3826; State v. Mosley, Franklin App. No. 05AP-701, 2006-Ohio-3102; and State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445.
 {¶ 10} A review of the record indicates that appellant did, albeit in a limited fashion, mention Blakely during his first appeal and second sentencing hearing, thus preserving his right to argue the constitutionality of his sentence. Therefore, the line of cases holding that a Blakely argument is waived if not asserted in the trial court is inapplicable. Accordingly, this case is wholly controlled by the Supreme Court of Ohio's directive in Foster, and we must remand for resentencing.
 {¶ 11} Appellant's sole assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings.
Judgment reversed and cause remanded.
Petree and McGrath, JJ., concur.
[1] U.S. v. Booker (2005), 543 U.S. 220, 268, 125 S.Ct. 738.